REDACTED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Criminal Action No. 06- 27 |
| ) | |
| ANDREW N. YAO, ) | |
| ) | |
| Defendant. ) | |

INDICTMENT

FILED

MAR 28 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

The Grand Jury for the District of Delaware charges that:

Introduction: Facts Common To All Counts

1. At all times material to this Indictment, defendant Andrew N. Yao was the president and sole shareholder of Student Finance Corporation ("SFC"), a closely-held Pennsylvania corporation operating in Newark, Delaware. SFC was in the business of funding and servicing student loans, with a particular emphasis on loans to trade school students.

2. From the early 1990s through 2002, Yao hired T.W., an accountant, now deceased, to prepare fraudulent financial documents, including fraudulent IRS Forms 1040 and Forms 1120, fraudulent Forms W-2, fraudulent Personal Financial Statements, and fraudulent corporate Financial Statements. These fraudulent documents (collectively "the Fraudulent Financial Documents") included the following: (a) Forms 1040 joint personal tax returns for Yao and Lore Yao, his wife, for the tax years 1996, 1997, 1998, 1999, and 2000; (b) Forms W-2 or 1099 for the tax years 1996, 1997, and 1998, documenting income allegedly earned by Yao during the years in question; (c) Personal Financial Statements for Yao as of December 31, 1997, 1998, 1999, and 2000, purporting to represent Yao's personal net worth as of the relevant reporting period; (d) Forms 1120 for SFC

for the years 1998 and 1999; and (e) Financial Statements for SFC comparing the years 1999 and 2000, purporting to represent an auditor's review of SFC's books and records for the represented period. The Forms 1040 and 1120 prepared by T.W. were not true copies of, and in fact differed materially from, those Forms 1040 and 1120 filed by Yao and SFC with the IRS.

### COUNT 1 (False Statement - 18 U.S.C. Section 1014)

3.  At all times material to this Indictment, SFC Financial I, LLC ("SFC Financial") was a Delaware limited liability company. SFC owned 99.99% of SFC Financial.

4.  In or about August 1998, Yao approached Wilmington Trust of Pennsylvania ("Wilmington Trust of PA") seeking a line of credit for SFC Financial, for the stated purpose of originating student loans. Yao's personal guaranty of repayment of the loan was a pre-condition of Wilmington Trust of PA's approval of the line of credit.

5.  In or about August 1998, in the District of Delaware and elsewhere, Andrew N. Yao, defendant herein, did knowingly make a false statement for the purpose of influencing the action of Wilmington Trust of PA, an institution the accounts of which were insured by the Federal Deposit Insurance Corporation, in connection with the application for a $25,000,000 line of credit, in that he provided to Wilmington Trust of PA a Personal Financial Statement for Andrew N. Yao as of December 31, 1997, prepared by T.W., which stated (a) that the defendant's assets included restricted securities in Century Financial Services, Inc., with a book value of $2,216,588; (b) that the value of the defendant's ownership interest in real estate in Bryn Mawr, Pennsylvania was $1,700,000 with a mortgage of $743,986; and (c) that the defendant's liabilities were $3,842,239, when, in truth and in fact, as the defendant well knew, (a) the defendant had no stock ownership interest in Century Financial Services, Inc. in December 1997; (b) the defendant had no personal ownership interest in the real estate in Bryn Mawr,

Pennsylvania; and (c) the defendant had a $600,000 line of credit with First Union National Bank of Georgia ("First Union of Georgia"), which was omitted from the schedule of liabilities on the December 31, 1997 Personal Financial Statement, all in violation of 18 U.S.C. Sections 1014 and 2.

### COUNT 2 (False Statement - 18 U.S.C. Section 1014)

6. In or about August 1998, in the Eastern District of Pennsylvania and elsewhere, Andrew N. Yao, defendant herein, did knowingly make a false statement for the purpose of influencing the action of First Union of Georgia, an institution the accounts of which were insured by the Federal Deposit Insurance Corporation, in connection with his application for a $920,000 line of credit, in that (1) upon request for tax returns Yao provided to First Union of Georgia a 1997 Form 1040 tax return prepared by T.W. when, in truth and in fact, as the defendant well knew, the 1997 Form 1040 tax return prepared by T.W. was not a true copy of, and in fact differed materially from, the 1997 Form 1040 that Yao filed with the IRS; and (2) he provided to First Union of Georgia a Personal Financial Statement as of December 31, 1997 for Andrew N. Yao, prepared by T.W., which stated (a) that the defendant's assets included restricted securities in Century Financial Services, Inc., with a book value of $2,216,588 and (b) that the value of the defendant's ownership interest in real estate in Bryn Mawr, Pennsylvania was $1,700,000 with a mortgage of $743,986, when, in truth and in fact, as the defendant well knew, (a) the defendant had no stock ownership interest in Century Financial Services, Inc. in December 1997 and (b) the defendant had no personal ownership interest in the real estate in Bryn Mawr, Pennsylvania, all in violation of 18 U.S.C. Sections 1014 and 2.

**COUNT 3 (False Statement - 18 U.S.C. Section 1014)**

7. In the 1990s BestBank was a state-chartered financial institution located in Boulder, Colorado. In July 1998, the Colorado State Banking Commissioner and the FDIC determined that the value of certain credit card loans maintained as an asset in BestBank's books and records was materially overstated. Because BestBank's liabilities to its depositors exceeded the value of its other assets, it was insolvent, and, on July 23, 1998, the FDIC was appointed receiver of BestBank.

8. In or about September 1998, in the District of Delaware and elsewhere, Andrew N. Yao, defendant herein, did knowingly make a false statement for the purpose of influencing the action of Wilmington Trust of PA, an institution the accounts of which were insured by the Federal Deposit Insurance Corporation, in connection with the application for a $25,000,000 line of credit, in that the defendant told K.B., a representative of Wilmington Trust of PA, that SFC's and Yao's relationship with BestBank and its principals was limited to BestBank's purchase of certain SFC student loans when, in truth and in fact, as the defendant well knew, (a) the defendant signed Subscription and Preferred Stock Sale Agreements on or about September 25, 1997 wherein SFC purchased 20,000 shares of BestBank stock for $500,000; and (b) the defendant previously had, and continued in September 1998 to have, a business relationship with principals of BestBank and its affiliated companies, including the defendant's relationship with Jack Grace, former BestBank CFO, whereby SFC issued at least $27,500 in consulting payments to Grace during the period August 6, 1998 through October 16, 1998, all in violation of 18 U.S.C. Sections 1014 and 2.

**COUNT 4 (False Statement - 18 U.S.C. Section 1014)**

9.  In or about October 1998, in the Eastern District of Pennsylvania and elsewhere, Andrew N. Yao, defendant herein, did knowingly make a false statement for the purpose of influencing the action of First Union National Bank of Georgia ("First Union of Georgia"), an institution the accounts of which were insured by the Federal Deposit Insurance Corporation, in connection with his application for a $1,850,000 line of credit, in that (1) upon request for tax returns Yao provided to First Union of Georgia a 1997 Form 1040 tax return prepared by T.W. when, in truth and in fact, as the defendant well knew, the 1997 Form 1040 tax return prepared by T.W. was not a true copy of, and in fact differed materially from, the 1997 Form 1040 that Yao filed with the IRS; and (2) he provided to First Union of Georgia a Personal Financial Statement as of December 31, 1997 for Andrew N. Yao, prepared by T.W., which stated (a) that the defendant's assets included restricted securities in Century Financial Services, Inc., with a book value of $2,216,588; and (b) that the value of the defendant's ownership interest in real estate in Bryn Mawr, Pennsylvania was $1,700,000 with a mortgage of $743,986, when, in truth and in fact, as the defendant well knew, (a) the defendant had no stock ownership interest in Century Financial Services, Inc. in December 1997; and (b) the defendant had no personal ownership interest in the real estate in Bryn Mawr, Pennsylvania, all in violation of 18 U.S.C. Sections 1014 and 2.

**COUNT 5 (False Statement - 18 U.S.C. Section 1014)**

10. In or about December 1999, in the Eastern District of Pennsylvania and elsewhere, Andrew N. Yao, defendant herein, did knowingly make a false statement for the purpose of influencing the action of First Union National Bank ("First Union"), an institution the accounts of which were insured by the Federal Deposit Insurance Corporation, in connection with his

application for a $3,000,000 line of credit, in that (1) upon request for tax returns Yao provided to First Union a 1998 Form 1040 tax return prepared by T.W. when, in truth and in fact, as the defendant well knew, the 1998 Form 1040 tax return prepared by T.W. was not a true copy of, and in fact differed materially from, the 1998 Form 1040 that Yao filed with the IRS, and (2) he provided to First Union a Personal Financial Statement as of December 31, 1998 for Andrew N. Yao, prepared by T.W., which stated that the value of the defendant's personal ownership interest in real estate in Bryn Mawr, Pennsylvania was $1,799,238 with a mortgage of $736,238, when, in truth and in fact, as the defendant well knew, the defendant had no personal ownership interest in the real estate in Bryn Mawr, Pennsylvania, all in violation of 18 U.S.C. Sections 1014 and 2.

### COUNT 6 (False Statement - 18 U.S.C. Section 1014)

11.  In or about November 2000, in the Eastern District of Pennsylvania and elsewhere, Andrew N. Yao, defendant herein, did knowingly make a false statement for the purpose of influencing the action of First Union National Bank ("First Union"), an institution the accounts of which were insured by the Federal Deposit Insurance Corporation, in connection with his application for a $1,000,000 line of credit, in that (1) upon request for tax returns Yao provided to First Union (a) 1998 and 1999 Forms 1040 tax returns, prepared by T.W., when, in truth and in fact, as the defendant well knew, the 1998 and 1999 Forms 1040 tax returns prepared by T.W. were not true copies of, and in fact differed materially from, the 1998 and 1999 Forms 1040 that Yao filed with the IRS; and (b) 1998 and 1999 Forms 1120 tax returns for SFC, prepared by T.W., when, in truth and in fact, as the defendant well knew, the 1998 and 1999 Forms 1120 for SFC prepared by T.W. were not true copies of, and in fact differed materially from, the 1998 and 1999 Forms 1120 that SFC filed with the IRS; and (2) Yao provided to First Union a Personal Financial Statement as of December 31, 1999 for Andrew N. Yao, prepared by T.W., which

stated that the value of the defendant's personal ownership interest in real estate in Bryn Mawr, Pennsylvania was $ 1,799,238 with a mortgage of $729,287, when, in truth and in fact, as the defendant well knew, the defendant had no personal ownership interest in the real estate in Bryn Mawr, Pennsylvania, all in violation of 18 U.S.C. Sections 1014 and 2.

### COUNT 7 - Mail Fraud - 18 U.S.C. Section 1341

**Introduction**

12. At all times material to this Indictment, DCC I Aircraft Corporation, formerly DCC Aircraft Corporation (collectively "DCC I"), was a Delaware corporation which held the ownership interest in a 1978 Gates Learjet Model 35A, serial number 212, Federal Aviation Number N989AL ("the Lear Jet").

13. DCC I purchased the Lear Jet through a loan applied for by Yao and given by CIT Group/Equipment Financing, Inc. ("CIT") on or about September 23, 1999 for $3,890,216 ("the CIT Loan"). On or about September 23, 1999, Yao executed a personal guaranty for repayment of the CIT Loan in the event of default by DCC I.

14. DCC II Aircraft Corporation ("DCC II") was a Delaware corporation which, from in or about June 2001, held the ownership interest in a Hawker-Siddeley Model HS 125 Series 700A Aircraft, serial number NA0243, Federal Aviation Number N104JG (the "Hawker-Siddeley Aircraft").

15. DCC II purchased the Hawker-Siddeley Aircraft through a loan applied for by Yao and given by U.S. Bancorp Leasing & Financial, Inc. ("U.S. Bancorp") on or about June 12, 2001 (the "U.S. Bancorp Loan") for $4,300,000. On or about June 5, 2001, Yao executed a personal guaranty for repayment of the U.S. Bancorp Loan in the event of default by DCC II.

16. At all times material to this Indictment, Yao was the sole shareholder of DCC I and DCC II and was President of both corporations.

**Scheme to Defraud U.S. Bancorp**

17. From on or about May 15, 2001 through on or about June 13, 2001, Andrew N. Yao, defendant herein, did knowingly devise and intend to devise a scheme and artifice to defraud and to obtain money and property from U.S. Bancorp by means of false and fraudulent pretenses, representations, and promises.

**Manner and Means**

18. Throughout the application process for the U.S. Bancorp Loan, the defendant would and did provide U.S. Bancorp with a Personal Financial Statement of Andrew N. Yao as of December 31, 2000 that materially misrepresented and overstated his income and the value of his assets and failed to disclose the extent of his liabilities and his financial obligations, including his personal guaranty for repayment of the CIT Loan.

19. Upon request, the defendant would and did provide U.S. Bancorp with Forms 1040 for the tax years 1998, 1999, and 2000, prepared by T.W., which, as the defendant well knew, were not true copies of, and in fact differed materially from, the 1998, 1999 and 2000 Forms 1040 Yao filed with the IRS.

20. The defendant would and did provide U.S. Bancorp with financial statements for SFC comparing the years 1999 and 2000, prepared by T.W., which, as the defendant well knew, were not true copies of, and in fact differed materially from, the financial statements prepared by SFC's auditors.

**Charging Paragraph**

21. On or about May 17, 2001, in the Eastern District of Pennsylvania and elsewhere, Andrew N. Yao, defendant herein, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property from U.S. Bancorp by means of false and fraudulent pretenses and representations and promises, as more fully set forth in paragraphs 12 through 20 of this Indictment, incorporated herein by reference, did deposit and cause to be deposited materials to be sent and delivered by private commercial carrier for the purpose of executing such scheme and artifice to defraud, to wit, a package sent via private commercial carrier to S.G., U.S. Bancorp, in Boca Raton, Florida, enclosing a letter from the defendant and attachments prepared by T.W., including (1) a Personal Financial Statement of Andrew N. Yao as of December 31, 2000; (2) Forms 1040 for the tax years 1998, 1999 and 2000; and (3) SFC financial statements comparing the years 1999 and 2000, all in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 8 (False Statement - 18 U.S.C. Section 1014)

22. In or about March 2002, in the Eastern District of Pennsylvania and elsewhere, Andrew N. Yao, defendant herein, did knowingly make a false statement for the purpose of influencing the action of First Union National Bank ("First Union"), an institution the accounts of which were insured by the Federal Deposit Insurance Corporation, in connection with his application for a $5,853,000 term loan, in that (1) upon request for tax returns Yao provided to First Union a 2000 Form 1040 tax return, prepared by T.W., when, in truth and in fact, as the defendant well knew, the 2000 Form 1040 tax return prepared by T.W. was not a true copy of, and in fact differed materially from, the 2000 Form 1040 that Yao filed with the IRS; and (2) he provided to First Union a Personal Financial Statement as of December 31, 2000 for Andrew N.

Yao, prepared by T.W., which stated (a) that the defendant's investment income from "Sub Chapter S Corp" was $20,911,486; and (b) that the value of the defendant's ownership interest in real estate in Bryn Mawr, Pennsylvania was $1,799,238 with a mortgage of $729,287, when, in truth and in fact, as the defendant well knew, (a) the defendant's income listed on K-1s filed with the IRS for 2000 was -$9,300,261 and the Schedule D filed by Yao with the IRS for 2000 listed Subchapter S distributions of $3,250,000; and (b) the defendant had no personal ownership interest in the real estate in Bryn Mawr, Pennsylvania, all in violation of 18 U.S.C. Sections 1014 and 2.

### COUNT 9 (False Statement - 18 U.S.C. Section 1014)

23. In or about March 2002, in the Eastern District of Pennsylvania and elsewhere, Andrew N. Yao, defendant herein, did knowingly make a false statement for the purpose of influencing the action of First Union National Bank ("First Union"), an institution the accounts of which were insured by the Federal Deposit Insurance Corporation, in connection with his application for a $6,288,000 term loan, in that (1) upon request for tax returns Yao provided to First Union a 2000 Form 1040 tax return prepared by T.W. when, in truth and in fact, as the defendant well knew, the 2000 Form 1040 tax return prepared by T.W. was not a true copy of, and in fact differed materially from, the 2000 Form 1040 that Yao filed with the IRS; and (2) he provided to First Union a Personal Financial Statement as of December 31, 2000 for Andrew N. Yao, prepared by T.W., which stated (a) that the defendant's investment income from "Sub Chapter S Corp" was $20,911,486; and (b) that the value of the defendant's ownership interest in real estate in Bryn Mawr, Pennsylvania was $1,799,238 with a mortgage of $729,287, when, in truth and in fact, as the defendant well knew, (a) the defendant's income listed on K-1s filed with the IRS for 2000 was - $9,300,261 and the Schedule D filed by Yao with the IRS for 2000 listed

Subchapter S distributions of $3,250,000; and (b) the defendant had no personal ownership interest in the real estate in Bryn Mawr, Pennsylvania, all in violation of 18 U.S.C. Sections 1014 and 2.

### COUNT 10 (Wire Fraud - 18 U.S.C. Section 1343)

**Introduction**

24.  On or about August 14, 2000, the defendant Andrew N. Yao and Lore Yao ("the Yaos") acquired title to real property in Nantucket, Massachusetts (hereinafter "the Nantucket Property"). To finance the purchase of the Nantucket Property, the Yaos executed a Note and Mortgage for $2,000,000.

25.  On or about April 26, 2002, SFC and Yao received a copy of a civil complaint filed by SWH Funding Corp. ("SWH") against both SFC and Yao, in his personal capacity, in the case captioned *SWH Funding Corp. v. Student Finance Corporation and Andrew N. Yao,* in the Superior Court of New Jersey for Bergen County.

26.  On or about May 1 and May 10, 2002, Yao met with representatives of Wilmington Trust of PA to discuss SFC's business and the collateral for the $25,000,000 line of credit with Wilmington Trust of PA. During the meeting on May 10, 2002, Yao acknowledged his obligation to personally guarantee repayment of the $25,000,000 line of credit.

27.  On or about May 29, 2002, Wilmington Trust of PA notified SFC Financial and Yao that SFC Financial was in default of its obligations. Accordingly, Wilmington Trust of PA made separate written demands on both SFC Financial and Yao, as personal guarantor, for repayment in full of the balance of the $25,000,000 line of credit.

28. On or about June 3, 2002, the defendant and Lore Yao quitclaimed the deed to the Nantucket Property to Lore Yao's sole ownership. That deed was registered with the Nantucket County, Massachusetts Registry of Deeds on June 5, 2002.

29. On June 5, 2002, SFC was forced into bankruptcy.

**Scheme and Artifice to Defraud - The Nantucket Property**

30. From on or about May 28, 2002 through on or about June 26, 2002, Andrew N. Yao, defendant herein, did knowingly devise and intend to devise a scheme and artifice to defraud and to obtain money from Wachovia Mortgage Corporation ("Wachovia Mortgage") for the stated purpose of refinancing the mortgage on the Nantucket Property.

31. It was part of the scheme and artifice to defraud that, throughout the loan application process, the defendant would and did fail to disclose to Wachovia Mortgage (1) the existence of the legal action taken against him by SWH, (2) his obligations to Wilmington Trust of PA pursuant to his personal guaranty on the $25,000,000 line of credit, and (3) SFC's June 5, 2002 bankruptcy.

32. It was part of the scheme and artifice to defraud that, throughout the loan application process, the defendant would and did knowingly provide materially false and fraudulent financial documents prepared by T.W. to Wachovia Mortgage.

**Manner and Means**

33. In furtherance of this scheme and artifice to defraud, the defendant committed and caused to be committed the following acts:

34. On or about May 28, 2002, the defendant signed and submitted a Uniform Residential Loan Application to Wachovia Mortgage for the purpose of obtaining a loan in the principal amount of $3,000,000, secured by, and to refinance an existing $2,000,000 loan on, the

12

Nantucket Property ("the 2002 Nantucket Property Refinance"). The 2002 Nantucket Property Refinance was a "cash out" refinance, whereby the mortgage loan on the Nantucket Property was increased to $3,000,000 and the cash not used to pay off the existing $2,000,000 mortgage was remitted to the defendant and Lore Yao.

35. On or about May 28, 2002, on the Uniform Residential Loan Application for the 2002 Nantucket Property Refinance, in part VIII entitled "Declarations," the defendant answered "no" to the following three questions: "Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee?" "Are you a co-maker or endorser on a note?" and "Are you a party to a lawsuit?"

36. On or about May 28, 2002, on the Uniform Residential Loan Application for the 2002 Nantucket Property Refinance, the defendant certified that all statements contained therein, including those Declarations in part VIII, were true and correct when, in truth and in fact, as the defendant well knew, he failed to disclose that he had been sued by SWH and failed to disclose that he was a personal guarantor of the $25,000,000 line of credit to SFC Financial.

37. On or about May 31, 2002, pursuant to a request for tax returns from a Wachovia Mortgage consultant, the defendant provided or caused to be provided to Wachovia Mortgage, via United Parcel Service to its Waterbury, Connecticut processing center, copies of Forms 1040 tax returns for the years 1999 and 2000 prepared by T.W., when, as the defendant well knew, the 1999 and 2000 Forms 1040 submitted to Wachovia Mortgage were not true copies of, and in fact differed materially from, the 1999 and 2000 Forms 1040 that Yao filed with the IRS.

38. On or about June 20, 2002, the defendant caused a Wachovia representative to contact T.W. in relation to approval of the 2002 Wachovia Mortgage Refinance for the purpose of confirming the defendant's employment.

39. On or about June 21, 2002, Wachovia Mortgage issued an Official Check payable to "Glidden and Glidden" in the amount of $3,003,187.02 to fund the mortgage loan for the 2002 Nantucket Property Refinance.

**Charging Paragraph**

40. On or about June 24, 2002, in the Eastern District of Pennsylvania and elsewhere, Andrew N. Yao, defendant herein, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises, as more fully set forth in paragraphs 30 through 39 of this Indictment, incorporated herein by reference, did transmit and cause to be transmitted by means of a wire communication in interstate commerce certain writings, signs, and signals for the purpose of executing such scheme and artifice, to wit, a facsimile to R.G. which included a voided personal check for a Mellon Bank account in the names of Andrew N. Yao and Lore N. Yao, for the purpose of providing Glidden & Glidden, P.C. with the necessary account information for the wire transfer of equity proceeds generated through the 2002 Nantucket Property Refinance, all in violation of 18 U.S.C. Sections 1343 and 2.

## COUNT 11 (Money Laundering - 18 U.S.C. Section 1957)

41. On or about June 26, 2002, in the Eastern District of Pennsylvania and elsewhere, Andrew N. Yao, defendant herein, did knowingly engage and attempt to engage in a monetary transaction through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, in that the defendant caused a Nantucket Bank employee to wire transfer $990,426.98 from Glidden & Glidden, P.C.'s Corporation Clients' Funds Account at Nantucket Bank to a Citizens/Mellon Bank Account in the names of Andrew N. Yao and Lore N. Yao, such property having been derived from a specified unlawful activity,

that is wire fraud, as more fully described in paragraphs 30 through 40 of this Indictment, incorporated herein by reference, in violation of 18 U.S.C. Section 1343, all in violation of Title 18, United States Code, Section 1957.

### COUNT 12 (Money Laundering - 18 U.S.C. Section 1957)

42.    On or about July 12, 2002, in the District of Delaware and elsewhere, Andrew N. Yao, defendant herein, did knowingly engage and attempt to engage in a monetary transaction through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, in that the defendant transmitted or caused to be transmitted a $15,500 online payment from a Citizens/Mellon Bank Account to his MBNA America MasterCard Account, maintained at MBNA America offices in Wilmington, Delaware, such property having been derived from a specified unlawful activity, that is wire fraud, as more fully described in paragraphs 30 through 40 of this Indictment, incorporated herein by reference, in violation of 18 U.S.C. Section 1343, all in violation of Title 18, United States Code, Section 1957.

### COUNT 13 (Bankruptcy Fraud - 18 U.S.C. Section 152(2))

**Introduction**

43.    On June 5, 2002, four trucking schools filed an involuntary petition against SFC in the United States Bankruptcy Court for the District of Delaware, captioned *In re Student Finance Corporation,* Case Number 02-11620 (D. Del.).

44.    On or about August 27 and 28, 2003, Yao was deposed in connection with the SFC bankruptcy. During the deposition on August 28, 2003, Yao was questioned under oath about three wire transfers to payee A.K. from SFC's Operating Account at Wilmington Trust Company totaling $669,000. The three transfers, which were booked as shareholder distributions,

consisted of the following: (a) a $75,000 wire transfer on October 10, 2001, (b) a $344,000 wire transfer on October 18, 2001, and (c) a $250,000 wire transfer on November 13, 2001 (the "A.K. Wire Transfers").

### Charging Paragraph

45.  On or about August 28, 2003, in the District of Delaware, Andrew N. Yao, defendant herein, in connection with a case under Title 11 of the United States Code, specifically *In re Student Finance Corporation*, Case Number 02-11620, in the United States Bankruptcy Court for the District of Delaware, knowingly and fraudulently made the following material false statements under oath, to wit, he claimed that the A.K. Wire Transfers totaling $669,000 were for aircraft maintenance, and he claimed that A.K. was a contact person at Wells Fargo when, as the defendant then and there well knew, the payments were not for aircraft maintenance, but were sent to Yao's friend, A.K., and were not related in any way to SFC's business, in violation of Title 18, United States Code, Section 152(2).

### COUNT 14 (Bankruptcy Fraud - 18 U.S.C. Section 152(2))

46.  Paragraph 43 is incorporated herein by reference.

47.  During the deposition on August 28, 2003 in connection with SFC's bankruptcy, Yao was questioned under oath about two wire transfers to Las Vegas casinos, specifically a $100,000 wire transfer on December 14, 2001 to Mandalay Bay, and a $50,000 wire transfer on February 15, 2002 to the Bellagio Casino, both transferring funds from SFC's Operating Account at Wilmington Trust Company (collectively "the Las Vegas Wire Transfers").

### Charging Paragraph

48.  On or about August 28, 2003, in the State and District of Delaware, Andrew N. Yao, defendant herein, in connection with a case under Title 11 of the United States Code,

specifically *In re Student Finance Corporation*, Case Number 02-11620, in the United States Bankruptcy Court for the District of Delaware, knowingly and fraudulently made the following material false statements under oath, to wit, he claimed that the Las Vegas Wire Transfers totaling $150,000 were for the benefit of his grandfather and went to pay for family celebrations and were not used by Yao to gamble because Yao did not gamble, when, as the defendant then and there well knew, the payments were for the benefit of Yao personally, and were used, in whole or in part, to fund Yao's gambling activities while staying in Las Vegas on or around December 14, 2001 and February 15, 2002, in violation of Title 18, United States Code, Section 152(2).

## NOTICE OF FORFEITURE

### Mail Fraud, Wire Fraud and Bankruptcy Fraud

49.  Upon conviction of one or more of the offenses alleged in Counts 7 and 10, 13 and 14 of this Indictment, Andrew N. Yao, defendant herein, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation.

### False Statement on a Loan Application

50.  Upon conviction of one or more of the offenses alleged in Counts 1 through 6, 8 and 9 of this Indictment, Andrew N. Yao, defendant herein, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2), any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation(s).

### Illegal Monetary Transaction

51.  Upon conviction of one or more of the offenses alleged in Counts 11 and 12 of this Indictment, Andrew N. Yao, defendant herein, shall forfeit the following property to the United

States pursuant to 18 U.S.C. § 982(a)(1): All right, title, and interest in any and all property involved in each offense in violation of Title 18, United States Code, Section 1957 for which the defendant is convicted, and all property traceable to such property, including the following: 1) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of Section 1957; 2) all commissions, fees and other property constituting proceeds obtained as a result of those violations; and 3) all property used in any manner or part to commit or to facilitate the commission of those violations.

### Substitute Assets

52.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), Andrew Yao, defendant herein, shall forfeit substitute property up to the value of the property described in the Notice of Forfeiture above, if, by any act or omission of the defendant, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

A TRUE BILL

Grand Jury Foreman

COLM F. CONNOLLY
UNITED STATES ATTORNEY

By: _____
Shannon Thee Hanson
Assistant U.S. Attorney

Dated: March 28, 2006

18