IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff | : | CRIMINAL ACTION |
| v. | : | |
| ANDREW YAO<br>Defendant | : | NO. 06-27-GMS |

**DEFENDANT, ANDREW YAO'S BRIEF IN SUPPORT OF
MOTION TO BAR THE GOVERNMENT FROM INTRODUCING
CERTAIN EVIDENCE RELATING TO PRIOR BAD ACTS**

Defendant, ANDREW YAO, by and through his attorney, BRIAN J. MCMONAGLE, ESQUIRE, respectfully moves this Court for an Order barring the Government from introducing at trial certain proposed evidence relating to prior crimes of the Defendant on the ground that said evidence is inadmissible pursuant to Rules 404(b) and Rule 403 of the Federal Rules of Evidence.

On February 26, 2007, the Government formally informed the Defendant of its intention to introduce evidence pursuant to Federal Rule of Evidence 404(b):

> (1) Mr. Yao's execution of a personal guarantee for the $25 million warehouse line of credit provided to SFC by Wilmington Trust of Pennsylvania.
>
> (2) Mr. Yao's relationships with and money provided to women other than his wife and Ms. Karlsen. This includes Mr. Yao's statements under oath about money he gave to Victoria Zdrock, Alisa Bridges, Hailey Armstrong and Erica Lookadoo/Jiles (should he testify), whether through NICI, Inc., or otherwise. Mr. Yao also told Ms. Karlsen about money he provided to Alisa Bridges; we will seek to introduce this information through Ms. Karlsen Wolfe.

(3) The existence of two motions (filed, respectively, by the Office of the U.S. trustee and Royal) in the summer of 2003 each of which sought to have a trustee appointed and/or Chapter 7 designation of the bankruptcy under the relevant statutory grounds, 11 U.S.C. § 1104, including allegations of fraud, dishonesty, incompetence, gross mismanagement, etc. by Mr. Yao and the management of SFC. Section 1104 also provides that appointment of a trustee may be made if such appointment is in the interests of the creditors, etc.

(4) The net sum of distributions (approx. $5.6 million) made to Mr. Yao from SFC from June 2001 through June 2002.

The evidence should be excluded at this trial for the reasons set forth below.

## ARGUMENT

The Government's proposal to introduce evidence of non-relevant extramarital relationships and other bad acts in its Case-in-Chief is so startling that the defendant hardly knows how to respond. Federal Rule of Evidence, 404(b) provides as follows:

> Evidence of other crimes wrongs or acts is not admissible
> to prove the character of a person in order to show action
> and conformity therewith. It may, however, be admissible
> for other purposes, such as proof of motive, opportunity,
> intent, preparation, plan, knowledge, identity, or absence
> of mistake or accident, provided that upon such request by
> the accused the prosecution in a criminal case shall provide
> reasonable notice in advance of trial, or during trial if
> the Court excuses pretrial notice on good cause shown, of
> the general nature of any such evidence its intends to
> introduce at trial.

Any analysis conducted under Rule 404(b) must be done in conjunction with an analysis under Federal Rule of Evidence 403, which provides:

> Although relevant, evidence may be excluded if its probative value is
> substantially outweighed by the danger of unfair prejudice, confusion of
> the issues, or misleading the jury, or by considerations of undue delay,
> waste of time, or needless presentation of cumulative evidence.

As the Supreme Court said in <u>Huddleston vs. United States</u>, 485 U.S. 681, 685, 99 L.ed 2d 771, 780, 108 S.Ct. 1496 (1988), the Rule "generally prohibits the introduction of extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears upon a relevant issue in the case such as motive, opportunity, or knowledge". Indeed, "[t]he threshold inquiry a Court must make before admitting similar acts evidence under Rule 404(b) is whether that evidence is probative of a material issue other than character". <u>Id</u>.

Without going on at length, there is no doubt that our Circuit has been traditionally zealous in guarding a defendant's right not to have evidence of other bad acts or crimes improperly introduced, See e.g. <u>United States vs. Schwartz</u>, 790 F.2d 1059 (3rd Circuit 1986); <u>United States vs. Pantone</u>, 609 F.2d 675 3rd Cir. (1979); <u>United States vs. Cook</u>, 538 F.2d 1000 3d. Cir. (1976); <u>United States vs. Jacangelo</u>, 281 F.2d 574 3rd Cir (1960). More recently, in <u>United States v. Murray</u>, 103 F.3rd 310 (1997), our Circuit articulated the view that trial judges should exercise great care before admitting evidence that is allowed by Rule 404(b). In <u>Murray</u>, the trial Court admitted evidence under Fed. R. Evid. 404(b) and 403 that he had committed a Murder not charged in the indictment. In <u>Murray</u>, the prosecution sought to introduce evidence of an uncharged crime that had occurred in the past which was similar in terms of the modus operandi of the case at trial.

In reversing the conviction, the Third Circuit stressed that 404(b) evidence carries a substantial danger of unfair prejudice and thereby raises serious questions under Federal Evidence Rule 403. Moreover, the Court in <u>Murray</u> advised the trial Courts to insist that a party offering Rule 404(b) evidence set forth with specificity a clear explanation for the admissibility of such evidence. In the instant case, the government has provided no such explanation, and it is

quite obvious that it is incapable of doing so under rule 404(b).

Mr. Yao is charged with knowingly and fraudulently making a false oath or account in relationship to a Chapter 11 Bankruptcy in violation of 18 U.S.C.S 152 (2). Specifically, the indictment alleges that Mr. Yao made false statements during a deposition on August 28 2003 regarding wire transfers that were made at his direction. In one instance it is alleged that Mr. Yao testified that wire transfers that were actually sent to a woman named Lexi Carlsen were instead made for aircraft maintenance. In a second instance, it is alleged that Mr. Yao lied when he testified that monies wired to two Las Vegas casinos were made to pay for family celebrations when in fact they were for gambling debts that he incurred.

The defendant concedes that the government should be permitted to support the allegations contained in the indictment. For instance, the defendant agrees that the government should be permitted to introduce evidence of Mr. Yao's relationship with Ms. Lexi Carlsen. Such evidence is probative and relevant to the issue at hand. However, on the eve of trial the government now seeks to introduce evidence of other extramarital affairs engaged in by the defendant which have nothing to do with the false oath charges in this case. It is nothing more than character assassination.

The government also seeks to introduce evidence of two motions filed in the summer of 2003, each of which sought to have a trustee appointed and a Chapter 7 designation of Bankruptcy. Certainly this evidence would be admissible at this trial, however, the government also seeks to introduce to the jury that these motions alleged fraud and dishonesty against Mr. Yao. Once again, the government goes too far. Here again the government feels the need to

smear the defendant with allegations of other bad acts that have no relevance to this case.[1]

The government is also seeking to introduce evidence of the net sum of distributions made to Mr. Yao from SFC from June 2001 through June 2002. The defendant respectfully requests that the Court only permit such evidence if the entire sum of distributions made to Mr. Yao during the life of the company is introduced.

Lastly, the government is seeking to introduce evidence of Mr. Yao's personal guarantee for the $25 million warehouse line of credit provided to SFC by Wilmington Trust of Pennsylvania. Again, this evidence is irrelevant and enormously prejudicial.

The instant case presents one of the most uncomplicated cases ever seen by the District Courts. The simple question is whether Mr. Yao made a materially false statement during a bankruptcy proceeding with the intent to defraud. The government now seeks to introduce evidence which we suggest is irrelevant. However, even if some of the proffered evidence has probative value, it is clear that it is substantially outweighed by the danger of unfair prejudice.

---

[1] The defendant respectfully recommends that a stipulation be entered into agreeing that two motions were filed to have a trustee appointed and a Chapter 7 designation, and that there by no mention of the allegations of faud, dishonesty, incompetence or mismanagement.

WHEREFORE, Defendant Andrew Yao respectfully requests that this Court grant his motion to bar the Government from introducing evidence of prior bad acts.

Respectfully Submitted,

_____
BRIAN J. MCMONAGLE, ESQUIRE
Attorney for Defendant
MCMONAGLE, PERRI, MCHUGH & MISCHAK, P.C.
Suite 701, One Penn Square West
30 S. 15th Street
Philadelphia, PA 19102
(215) 981-0999 Fax 981-0977

## CERTIFICATE OF SERVICE

BRIAN J. McMONAGLE, ESQUIRE, hereby certifies that a true and correct copy of the within Motion has been served by hand delivery upon

SHANNON THEE HANSON, ASSISTANT UNITED STATES ATTORNEY
AND
DOUGLAS EDWARD MCCANN, ASSISTANT UNITED STATES ATTORNEY
U.S. Attorney's Office
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington DE 19899-2046

BRIAN J. MCMONAGLE, ESQUIRE
Attorney for Defendant

DATED: 2-28-07

8

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff | : | CRIMINAL ACTION |
| v. | : | |
| ANDREW YAO<br>Defendant | : | NO. 06-27-GMS |

## ORDER

AND NOW, this         day of         2007, it is hereby ORDERED and DECREED that Defendant, ANDREW YAO'S Motion to bar the Government from introducing into evidence in its Case-in-Chief any documents or testimony concerning prior bad acts is hereby Granted..

BY THE COURT:

_____
THE HONORABLE GREGORY M. SLEET