IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


UNITED STATES OF AMERICA,           :
                                    :
                    Plaintiff,      :
                                    :
            v.                      :        Criminal Action No. 06-27 GMS
                                    :
    ANDREW YAO,                     :
                                    :
                    Defendant.      :


## VOIR DIRE


\*      Good morning, ladies and gentlemen, I am about to ask you a series of questions that we call *voir dire*.  The purpose of the *voir dire* examination is:

   (a)      to enable the court to determine whether or not any prospective juror should be excused for cause;

   (b)      to enable counsel for the parties to exercise their individual judgment with respect to peremptory challenges -- that is, challenges for which counsel need not give a reason.

**Introduce staff.**

**Panel sworn.**

\*      If any of you would answer "yes" to any of these questions, I would ask you to stand up and, upon being recognized by me, to state your number.  At the end of the questions, I will ask those who have responded "yes" to any of the questions to come to sidebar (that is, up to the bench next to me) with counsel for the parties to discuss your answers.

\*      This case is expected to take 3 days to try.  The schedule that I expect to maintain over those 3 days will be as follows:

   We will normally begin the day at 9:00 a.m promptly.  We will go until 1:00 p.m. and, after a one hour break for lunch, from 2:00 p.m. to 4:30 p.m.  There will be a fifteen minute break at 11:00 a.m. and another fifteen minute break at 3:15 p.m.  The only significant exception to this schedule may occur when the case is submitted to those of you who are selected to

serve as jurors for your deliberation.  On that day, the proceedings might last beyond 5:00 p.m.  We will post a copy of this schedule for the jury's convenience in the jury deliberation room.

1.    Does the length of this trial or the schedule contemplated by the court present a special problem to any member of the panel?

**Description Of The Case**

This is a criminal case.  In this case, the United States Government has charged that the defendant,  Andrew N. Yao, made a false oath or account in connection with a bankruptcy proceeding in violation of 18 U.S.C. § 152(2).  Specifically, Mr. Yao is charged with knowingly and fraudulently testifying falsely in a deposition taken in connection with the bankruptcy of his corporation, Student Finance Corp. (or "SFC").  SFC was in the business of originating loans to students of vocational schools, packaging those loans as marketable securities, and selling them.  Mr. Yao denies the Government's allegations.

2.    Has any member of the panel heard or read anything about this case?

**The court will request that counsel introduce themselves and others to the panel at this time.**

3.    Counsel have now introduced themselves.  Has any member of the panel or your immediate family (spouse, child, parent or sibling) or close friend had any business, social, or personal dealings with either counsel individually or the United States Attorney's Office or the law firm of McMonagle Perri McHugh & Mischak?

4.    Members of the panel, I am now going to read the names of witnesses who may be called in this case.  Listen carefully.  Does any member of the panel know any of these persons?

5.    Has any member of the panel ever served as a juror in a criminal or a civil case or as a member of a grand jury in either a federal or state court?

6.    Has any member of the panel ever been involved, in any court, in a criminal matter, other than a minor traffic offense,  that concerned yourself, a member of your immediate family, or a close friend either as the subject of an investigation, a defendant, a witness, or a victim?

7.    Has any member of the panel, a member of your immediate family, or a close friend had any dealings, including being employed by, investigated by or other association, with the Federal Bureau of Investigation, the Internal Revenue Service, the Office of the United States Trustee or other law enforcement agency or the Bankruptcy Court or other participants in the bankruptcy system?

8.    Would the fact that the FBI, the IRS, the Office of the U.S. Trustee or other participant in the bankruptcy system were involved in the investigation or some other aspect of this case interfere with your ability to be fair and impartial?

9.      Have you or any member of your immediate family ever been employed by Student Finance Corporation, Wilmington Trust Company, or the Royal Indemnity Insurance company?

10.     Is there anything about any of these businesses that would prevent you from being a fair and impartial juror?

11.     Have you or any member of your immediate family every been employed in the gaming or gambling industry?

12.     If you are selected to sit on this case, will you be able to render a verdict solely on the evidence presented at the trial and in the context of the law as I will give it to you in my instructions, disregarding any other ideas, notions, or beliefs about the law you may have or that you may have encountered in reaching your verdict?

13.     Is there any member of the panel who has any special disability or problem that would make serving as a member of the jury difficult or impossible?

14.     Having heard the questions put to you by the court, does any other reason suggest itself to you as to why you could not sit on this jury and render a fair verdict based on the evidence presented to you and in the context of the court's instructions to you on the law?