*[handwritten: Ready for Appeal Copies]*
*[handwritten: on 3/14/07 @ 10:15 AM]*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 6-27-GMS |
| | ) | |
| ANDREW YAO | ) | |
| Defendant. | ) | |

## <u>JURY INSTRUCTIONS</u>

Dated: March 14, 2007

**TABLE OF CONTENTS**

**PAGE**

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

JURORS' DUTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT . . . . . . . 3

EVIDENCE DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CONSIDERATION OF EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

DIRECT AND CIRCUMSTANTIAL EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

NATURE OF THE CHARGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

SEPARATE CONSIDERATION --SINGLE DEFENDANT CHARGED WITH
MULTIPLE CRIMES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

GENERAL INFORMATION REGARDING BANKRUPTCY LAWS . . . . . . . . . . . . . . . . . . . . .12

BANKRUPTCY FRAUD: FALSE OATH . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

BANKRUPTCY FRAUD: FALSE OATH
THIRD ELEMENT - MATERIALITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

BANKRUPTCY FRAUD: FALSE OATH
FOURTH ELEMENT - FALSE STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

BANKRUPTCY FRAUD: FALSE OATH
FIFTH ELEMENT - DEFENDANT ACTED
KNOWINGLY AND FRAUDULENTLY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

## TABLE OF CONTENTS

**PAGE**

"ON OR ABOUT" ......................................................... 19

EACH COUNT TO BE CONSIDERED SEPARATELY ................................ 20

CONSIDERATION OF EVIDENCE ............................................. 21

EXPERT TESTIMONY ...................................................... 22

OTHER ACTS OF THE DEFENDANT ........................................... 23

DEFENDANT'S TESTIMONY ................................................. 24

DELIBERATIONS AND VERDICT: INTRODUCTION ............................... 25

UNANIMOUS VERDICT ..................................................... 26

DUTY TO DELIBERATE ................................................... 27

PUNISHMENT ........................................................... 28

VERDICT FORM ......................................................... 29

COURT HAS NO OPINION ................................................. 30

# GENERAL

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## JURORS' DUTIES

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way. You should also not be influenced by any person's race, color, religion, national ancestry, or gender.

## PRESUMPTION OF INNOCENCE
## BURDEN OF PROOF
## REASONABLE DOUBT

As you know, the defendant has pleaded not guilty to the crimes charged in the Indictment. The Indictment is not any evidence at all of guilt. It is just the formal way that the Government tells the defendant what crimes he is accused of committing. It does not even raise any suspicion of guilt.

Instead, a defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the Government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that a defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the Government to prove that he is guilty, and this burden stays on the Government from start to finish. You must find the defendant not guilty unless the Government convinces you beyond a reasonable doubt that he is guilty.

The Government must prove every element of the particular crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate

3

to rely and act on it in making the most important decisions in your own lives.  If you are convinced that the Government has proved a defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

## **EVIDENCE DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; all exhibits received in evidence and all facts that have been agreed to or stipulated.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## **CONSIDERATION OF EVIDENCE**

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## CREDIBILITY OF WITNESSES

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness' knowledge, understanding, and memory;

(3) The witness' appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

(7) Whether the witness' testimony was consistent or inconsistent with other evidence that you believe; and

(8) Any other factors that bear on whether the witness should be believed. Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

## NATURE OF THE CHARGES

## INTRODUCTION

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the Indictment.  Your job is limited to deciding whether the Government has proved the crimes charged.

## SEPARATE CONSIDERATION--SINGLE DEFENDANT

## CHARGED WITH MULTIPLE CRIMES

The defendant has been charged with two crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the Government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on the other charge.

## GENERAL INFORMATION REGARDING BANKRUPTCY LAWS

The counts against the defendant in the Indictment charge violations of certain provisions of the bankruptcy fraud statute, Title 18, United States Code, Section 152. Before I instruct you on the elements of this bankruptcy crime, I will give you some instructions on bankruptcy law in general.

A bankruptcy case is initiated by the filing of a bankruptcy petition. The person, entity or business on whose behalf the bankruptcy petition is filed is called the "debtor." The people, entities, or businesses that are owed money by the debtor or that have a claim against the debtor are called "creditors." The United States Trustee Program is the component of the United States Department of Justice responsible for overseeing the administration of bankruptcy cases and private trustees.

The filing of a bankruptcy case creates an "estate." The estate of the debtor includes all rights, title, share, or interest in property owned by the debtor at the time the bankruptcy petition is filed, known as the "assets" of the bankrupt estate. Bankrupt entities can attempt reorganization and continue to operate while under bankruptcy protection, which is known as a Chapter 11 bankruptcy. In a Chapter 11 case, the debtor stays in possession of its assets unless the bankruptcy court authorizes the appointment of a Chapter 11 trustee. If the bankruptcy court directs the appointment of a Chapter 11 trustee, then the United States Trustee appoints and supervises the Chapter 11 trustee, who then takes possession of the debtor's assets and runs the corporation. In the alternative, a corporation in bankruptcy can decide not to continue business operations and can seek to repay its creditors by selling the assets of the estate. In the event a Chapter 11 case is later converted by the bankruptcy court to a Chapter 7 case, the United States Trustee appoints a Chapter 7 Trustee to administer the debtor's bankruptcy estate, including the liquidation/sale of assets and their distribution to creditors.

Generally, the filing of the bankruptcy petition operates to stay any action by creditors on their claims against the debtor and its property. For instance, a creditor may not commence or continue any judicial or administrative action or proceeding against the debtor, nor may a creditor enforce, against the debtor or the property of the debtor's estate, a judgment obtained before the petition was filed. A creditor may proceed against the debtor or the debtor's property only after requesting and obtaining from the bankruptcy court relief from the stay.

As part of the bankruptcy process, it is sometimes necessary for the trustees and/or creditors to interview or depose the insiders of a debtor corporation.

## BANKRUPTCY FRAUD: FALSE OATH

The Indictment charges the defendant with committing two separate bankruptcy fraud crimes, specifically the Indictment alleges that the defendant knowingly and fraudulently made certain false oaths in connection with a bankruptcy, in violation of Title 18, United States Code, Section 152(2). Section 152(2) of Title 18 of the United States Code provides that:

Whoever knowingly and fraudulently makes a false oath or account in or in relation to any bankruptcy proceeding . . .

shall be guilty of an offense against the laws of the United States.

In order to meet its burden of proof with regard to these crimes, the government must prove beyond a reasonable doubt each of the following elements:

First, that on or about the dates alleged in the Indictment there existed a proceeding in bankruptcy in the District of Delaware.

Second, that the defendant made a statement under oath in or in relation to that proceeding.

Third, that the statement concerned a material fact.

Fourth, that the statement was false.

Fifth, that the defendant made such statement knowingly and fraudulently, with the intent to deceive the trustee, the creditors, the bankruptcy court, or any other person or entity.

The first element that the government must prove beyond a reasonable doubt is that there existed a proceeding in bankruptcy under Title 11 of the United States Code. As to this element there is no issue since a stipulation has been entered in which the parties agree that there existed a proceeding in bankruptcy under Title 11 of the United States Code, to wit, *In re Student Finance Corporation*, 02-11620 (D. Del.), at the time the statements at issue were made.

14

The second element requires that the government prove beyond a reasonable doubt that a false statement was made under oath. A statement made under oath is one that is made under penalty of perjury. In other words, the government must prove beyond a reasonable doubt that the defendant's false statements as charged in the Indictment were made under oath. As to this element there is no issue since a stipulation has been entered in which the parties agree that the statements at issue were made under oath.

## BANKRUPTCY FRAUD: FALSE OATH - THIRD ELEMENT - MATERIALITY

The third element that the government must prove beyond a reasonable doubt is that the statement concerned a material fact.

A matter is "material" if it has a natural tendency to influence, or is capable of influencing, the outcome of the bankruptcy proceeding. It is not necessary that the statement actually have that influence or be relied on by the court, the trustee, or the creditors, so long as it had the potential or capability to do so. A material fact is one which relates to the extent and nature of the debtor's assets, or the business or financial transactions of the debtor, or to the discovery of assets, or to statements designed to secure an adjudication of bankruptcy. A material fact refers not only to the main fact which was the subject of the inquiry, but to any fact or circumstance which tends to corroborate or strengthen the proof introduced to establish the main fact.

Materiality in this context does not require harm to or adverse reliance by a creditor, nor does it require a realization of a gain by the defendant. Rather, it requires that the false oath or account relate to some significant aspect of the bankruptcy case or proceeding in which it was given or made, or that it pertain to the discovery of assets or to the debtor's financial transactions. It follows therefore that if the false oath or account does not relate to some significant aspect of the bankruptcy case or proceeding in which it was given or made, or that it does not pertain to the discovery of assets or debtor's financial transactions, you cannot find the matter to be material.

16

## BANKRUPTCY FRAUD: FALSE OATH - FOURTH ELEMENT - FALSE STATEMENT

The fourth element that the government must prove beyond a reasonable doubt is that the statement was false. The term "false statement" means a statement or an assertion which is known to be untrue when made or when used. The term "false" is not limited to affirmative misstatements, but can also mean any knowing omission of fact made with intent to deceive or conceal. In other words, for Count 1, the government must prove that the defendant falsely stated that the three wire transfers totaling $669,000 described in the Indictment as the A.K. (A. Karlsen) Wire Transfers were for aircraft maintenance and that Karlsen was a contact person at Wells Fargo, when he then and there knew that the payments were not for aircraft maintenance, but were sent to Yao's friend, Alexandria Karlsen, and were not related in any way to SFC's business.

For Count 2, the government must prove that the defendant falsely stated that two wire transfers totaling $150,000 described in the Indictment as the Las Vegas Wire Transfers were for the benefit of his grandfather and went to pay for family celebrations and were not used by the defendant to gamble because the defendant did not gamble, when the defendant then and there knew that the payments were for the benefit of the defendant personally, and were used, in whole or in part, to fund the defendant's gambling activities while staying in Las Vegas on or around December 14, 2001 and February 15, 2002.

17

## BANKRUPTCY FRAUD: FALSE OATH - FIFTH ELEMENT:

## DEFENDANT ACTED KNOWINGLY AND FRAUDULENTLY

The fifth element that the government must prove beyond a reasonable doubt is that the defendant acted knowingly and fraudulently.

Knowingly - Defined

The offenses charged in the Indictment require that the government prove that the defendant acted "knowingly." This means that the government must prove beyond a reasonable doubt that the defendant was conscious and aware of the nature of his actions and of the surrounding facts and circumstances, as specified in the definition of the offenses charged.

In deciding whether the defendant acted "knowingly," you may consider evidence about what the defendant said, what the defendant did and failed to do, how the defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at that time.

Fraudulently - Defined

A statement is "fraudulent" if it was falsely made or made with reckless indifference as to its truth or falsity and made or caused to be made with an intent to deceive.

## **ON OR ABOUT**

Next, I want to say a word about the dates mentioned in the Indictment.

The Indictment charges that the crimes happened "on or about" a particular date. The Government does not have to prove that the crime happened on that exact date. But the Government must prove that the crime happened reasonably close to that date.

## **EACH COUNT TO BE CONSIDERED SEPARATELY**

A separate crime is charged in each count of the Indictment.  Each count and the evidence pertaining to it should be considered separately.  The fact that you may find the defendant guilty or not guilty as to one of the crimes charged against him should not control your verdict as to any other count.

## <u>CONSIDERATION OF EVIDENCE</u>

### <u>INTRODUCTION</u>

That concludes the part of my instructions explaining the elements of the crimes charged. Next I will explain some rules that you must use in considering some of the testimony and evidence.

## **EXPERT TESTIMONY**

You have heard the testimony of Andrew Vara, an expert witness. An expert witness has special knowledge or experience that allows the witness to give an opinion.

You do not have to accept an expert's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

22

## OTHER ACTS OF THE DEFENDANT

You have heard testimony that the defendant committed acts other than the ones charged in the Indictment. If you find the defendant did those acts, you can consider the evidence only as it relates to the government's claim on the defendant's intent and motive. You must not consider it for any other purpose.

Remember that the defendant is on trial here only for bankruptcy fraud, not for other acts. Do not return a guilty verdict unless the government proves the crimes charged in the Indictment beyond a reasonable doubt.

## **DEFENDANT'S TESTIMONY**

You have heard the defendant testify.  The defendant's credibility should be judged in the same way as any other witness.

## **DELIBERATIONS AND VERDICT**

## **INTRODUCTION**

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Your first task upon retiring to deliberate will be to select a jury foreperson.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

25

## **UNANIMOUS VERDICT**

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find a defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt as to that Count.

To find him not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt as to that Count.

Either way, guilty or not guilty, your verdict must be unanimous.

After you have reached unanimous agreement as to the guilt or innocence of the defendant with respect to each of the Counts in the Indictment, you then return to the courtroom. Your foreperson, in answer to a question asked by the Clerk, will give your verdict of either "Not Guilty" or "Guilty" with respect to each count in the Indictment.

26

## **DUTY TO DELIBERATE**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved the defendant guilty beyond a reasonable doubt with respect to each Count.

## **PUNISHMENT**

If you decide that the Government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the Government has proved the defendant guilty beyond a reasonable doubt.

## **VERDICT FORM**

I have prepared a verdict form that you should use to record your verdict. The form will be given to you when you retire to deliberate.

If you decided that the Government has proved a particular charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the Government has not proved a charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Each of you should then sign the form, put the date on it, and return it to me.

## **COURT HAS NO OPINION**

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the Government has proved the defendant guilty beyond a reasonable doubt.