**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 06-27 GMS |
| ) | |
| ANDREW N. YAO, ) | |
| ) | |
| Defendant. ) | |

_____

Shannon T. Hanson, Esquire, and Douglas E. McCann, Esquire, of the UNITED STATES ATTORNEY'S OFFICE FOR THE DISTRICT OF DELAWARE, Wilmington, Delaware. Attorneys for Plaintiff.

Brian McMonagle, Esquire, of MCMONAGLE, PERRI, MCHUGH & MISCHAK, Philadelphia, Pennsylvania and Mark E. Cedrone, Esquire, of CEDRONE & JANOVE, Philadelphia, Pennsylvania. Attorneys for Defendant.

_____

**AMENDED OPINION**

February 25, 2008
Wilmington, Delaware

**SLEET, Chief, District Judge**

**I.      INTRODUCTION**

The issue presently before the court is whether it should apply section 2.B1.1 or section 2J1.3 of the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") in calculating Andrew N. Yao's ("Yao") advisory sentencing Guideline range.[1]  For the reasons that follow, the court will apply U.S.S.G. § 2J1.3 in making its calculation.

**II.     PROCEDURAL BACKGROUND**

On March 28, 2006, the Grand Jury for the District of Delaware returned a fourteen count Indictment against Yao.  The government subsequently dismissed Counts 1-12 of the indictment, relating to false statements, wire fraud, and money laundering, leaving only Counts 13 and 14 pending for trial.[2]  (See D.I. 49, 50.)  Counts 13 and 14 charged Yao with knowingly and fraudulently making a false oath or account in, or in relation to, any case under Title 11 of the United States Code, in violation of 18 U.S.C. § 152(2).[3]  On March 14, 2007, a unanimous jury found Yao guilty of the offenses charged in Counts 13 and 14.  (See D.I. 45.)

On August 28, 2007, the United States Probation Office (the "USPO") provided the parties with a draft copy of the presentence investigation report for comment.  In this initial version of the report, the USPO calculated Yao's advisory Guideline range pursuant to U.S.S.G. § 2B1.1, which

---

[1] The defendant's October 31, 2007 sentencing memorandum raises issues with respect to obstruction of justice, acceptance of responsibility, restitution, and Guideline departures and variances.  The court will reserve ruling on these issues until the sentencing hearing in this matter.

[2] The false statement, wire fraud, and money laundering allegations are pending trial in the Eastern District of Pennsylvania.

[3] The indictment alleges that the false oaths or accounts were made in relation to a bankruptcy proceeding, *In re Student Finance Corporation*, Case No. 02-11620 (D. Del.), involving the defendant's company, Student Finance Corporation ("SFC").

pertains to fraud. Applying section 2B1.1 to Yao's conviction, with recommended enhancements, resulted in a recommended advisory Guideline range of imprisonment of 51-63 months.

On September 12, 2007, the parties responded to the draft presentence report. The defendant filed a letter, specifically objecting to the application of U.S.S.G. § 2B.1.1 and urging the USPO to apply U.S.S.G. § 2J1.3. After learning of the defendant's objection, the court preliminarily agreed that U.S.S.G. § 2J1.3 was the proper Guideline to apply and advised the USPO to recalculate the defendant's advisory Guideline sentence using section 2J1.3.

On October 15, 2007, the USPO provided the revised draft presentence report to the parties for comment.[4] Applying section 2J1.3 to Yao's conviction, with recommended enhancements, resulted in a recommended advisory Guideline range of imprisonment of 15-21 months. On October 24, 2007, the government filed a sentencing letter with the court, objecting to the application of U.S.S.G. § 2J1.3 to Yao's conviction.

On November 5, 2007, the court issued an Order (D.I. 59) directing the parties to submit simultaneous briefs "with regard to whether the court should apply U.S.S.G. § 2B1.1 or U.S.S.G. § 2J1.3 in calculating the defendant's advisory Sentencing Guideline range." (D.I. 59 ¶ 2.) On November 19, 2007, the parties filed their briefs on the issue.

---

[4] Subsequently, the USPO informed the parties that use of the 2006 Guideline Manual, the manual in effect on the date of sentencing, presented *ex post facto* problems in applying section 2J1.3 to Yao's conduct. The USPO, therefore, determined that the 2002 Guideline Manual, in effect at the time of the defendant's conduct, should apply.

**III.    DISCUSSION**

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court determined that the sentencing Guidelines are no longer mandatory, but advisory. Notwithstanding their advisory nature, the Third Circuit has explained that "[t]he Guidelines remain an essential tool in creating a fair and uniform sentencing regime across the country." *United States v. Cooper*, 437 F.3d 324, 331 (3d Cir. 2006) (internal quotations omitted). Thus, when sentencing a defendant, the district court's first task is "to determine the applicable offense [G]uideline section to be applied, based on the crime of conviction." *United States v. Smith*, No. 06-3635, 2007 WL 1847441, at *6 (3d Cir. June 8, 2007) (citing *Watterson v. United States*, 219 F.3d 232, 236 (3d Cir. 2000)); U.S.S.G. § 1B1.1; *see United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006) (setting forth post-*Booker* three-step sentencing process and noting that "[c]ourts must continue to calculate a defendant's Guidelines sentence precisely as they would have before *Booker*."). The crime of conviction is "the offense conduct charged in the count of the indictment or information of which the defendant was convicted." U.S.S.G. § 1B1.2 (a). To determine the applicable Guideline section, the court refers to the Statutory Index, or Appendix A, of the Guidelines. *Id.* at Application Note 1.

The Statutory Index lists three offense Guideline sections for convictions under 18 U.S.C. § 152: 2B1.1 (covering fraud), 2B4.1 (covering bribery), and 2J1.3 (covering perjury). "If more than one [G]uideline section is referenced for the particular statute, [the court should] use the [G]uideline most appropriate for the offense conduct charged in the count of which the defendant was convicted." U.S.S.G. App. A, intro.; *United States v. Abdus-Shakur*, 120 Fed. Appx. 907, 909 (3d Cir. 2005) (quoting U.S.S.G. § 1B.1.2 Application Note 1). Both the government and the defendant agree that section 2B4.1 is not the appropriate Guideline to apply in this case. Thus, the court must

determine whether the conduct charged in the indictment more closely matches fraud under section 2B.1.1 or perjury under section 2J1.3.[5] Yao contends that his charged conduct was more similar to perjury than fraud. Specifically, Yao argues that Counts 13 and 14 of the indictment do nothing more than recount his false statements made during the August 28, 2008 deposition. Yao further argues that neither count references the object of the falsities at issue and/or any particular intent to defraud. Conversely, the government asserts that Yao's conduct appropriately falls under section 2B1.1, because his misrepresentations in connection with the bankruptcy were an effort to perpetrate a fraud on both the bankruptcy court and his creditors.

The court has conducted its own research into the issue and finds no Third Circuit cases that provide guidance as to how to decide whether a defendant's conviction under 18 U.S.C. § 152 more closely matches fraud under section 2B.1.1 or perjury under section 2J1.3. An unpublished opinion from the Fourth Circuit, however, is persuasive.[6] In *United States v. Lewis*, 161 Fed. Appx. 322 (4th Cir. 2006), the Fourth Circuit affirmed the district court's decision to apply U.S.S.G. § 2J1.3 to the defendant's conviction under 18 U.S.C. § 152(3). In so doing, the court explained:

> [w]hen the charged offense 'appear[s] to fall under the express terms of more than one guideline,' the sentencing court must select the 'most applicable' guideline by 'compar[ing] the guideline texts with the *charged* misconduct, rather than the statute (which may outlaw a variety of conduct implicating several guidelines) or the actual conduct (which may include factors not elements of the indicted offense).'

*Id.* at 324 (citation omitted) (emphasis added). The court, applying the language of U.S.S.G. §

---

[5] Applying section 2B1.1 to Yao's conduct results in a base offense level of 6, while applying section 2J1.3 results in a base offense level of 12.

[6] The opinion addresses a conviction under 18 U.S.C. § 152(3), not section 152(2). The same analysis, however, applies to both subsections of section 152, because the Statutory Index does not pertain to individual subsections of section 152, but rather, section 152 in its entirety.

1B1.2, focused on the "conduct charged in the count of the indictment . . . of which the defendant was convicted," *id.*, and rejected the defendant's argument, which focused on his actual conduct. Turning to the indictment, the court concluded that it concentrated on the gravity of the defendant's misrepresentation to the bankruptcy court, and did not characterize the false declaration the defendant made as part of a scheme aimed at a specific creditor, or any creditor. *Id.*

The court finds the approach that the Fourth Circuit applied in *Lewis* instructive in making the determination at hand.[7] Specifically, the approach adopted by the Fourth Circuit looks exclusively to the offense conduct charged in the indictment, as directed by U.S.S.G. § 1B1.2. Here, as previously noted, the government contends that the court should apply section 2B1.1, because it

---

[7] The Seventh Circuit and Tenth Circuit also have addressed this issue, but neither court focused exclusively on the language of the indictment before it in making its determination. Instead, the Seventh and Tenth Circuits focused on both the indictments and the defendants' actual conduct. In *United States v. Kaster*, No 97-3210, 1998 WL 78995 (7th Cir. Feb. 19, 1998), the Seventh Circuit affirmed a district court's decision to apply the perjury Guideline to the defendant's false declaration conviction under 18 U.S.C. § 152(3). The circuit court first focused on the charged offense, noting that the defendant was charged with "knowingly and fraudulently mak[ing] a false declaration and statement, under *penalty of perjury*." *Id.* at *2. The court then examined the defendant's actual conduct throughout the criminal proceedings, finding that his actions were not for the purpose of defrauding his creditors. *Id.* Based on both the charging document and the defendant's behavior, the circuit court affirmed the district court's ruling. *Id.* at *4. In *United States v. Turner*, No. 98-3221, 1999 WL 357500 (10th Cir. June 3, 1999), the Tenth Circuit affirmed the district court's application of the fraud Guideline to the defendant's conviction under 18 U.S.C. § 152(3). The district court reached its conclusion by looking to the nature of the defendant's fraudulent statement in determining the appropriate offense Guideline. *Id.* at *1. Specifically, the district court looked at the nature of the offense conduct "in the context of [the] defendant's overall actions." *Id.* at 2. The Tenth Circuit agreed with the district court's conclusion and approach.
  The court has considered the approaches taken by the Fourth, Seventh, and Tenth Circuits, and agrees with the approach taken by the Fourth Circuit. That is, in order to determine the appropriate Guideline to apply, the court should look to only the charged offense conduct, not the surrounding circumstances and context. This approach is sensible, because it tracks the language of Section 2B1.1, and because it prohibits the court from considering conduct which may include factors that are not elements of the indicted offense. *See Lewis*, 2006 WL 93302, at *2.

specifically covers misrepresentations in a bankruptcy proceeding, and Yao's misrepresentations in connection with his company's bankruptcy were an effort to perpetrate a fraud on the bankruptcy court and the company's creditors. The court is not persuaded by the government's argument for two reasons. First, the court finds the government's argument regarding the type of conduct that falls under section 2B1.1 unremarkable.[8] The government, in making its argument, employs a "tail wagging the dog" approach, which would result in mandatory application of section 2B1.1 whenever a defendant is convicted of violating 18 U.S.C. § 152(2). In other words, the government contends that since subsection (b)(8) of section 2B1.1 provides for a 2 level specific offense characteristic enhancement if the offense involved a misrepresentation or other fraudulent action during the course of a bankruptcy proceeding, section 2B1.1 must necessarily apply to Yao's conviction. This approach, however, ignores the fact that the district court's first task is to determine the applicable offense Guideline section to be applied, based on the crime of conviction, not specific offense characteristic enhancements.

Moreover, the government's argument is unpersuasive because it does not focus on Yao's charged conduct. While the government's argument makes only passing reference to the indictment, it focuses almost exclusively on Yao's actual conduct with reference to trial exhibits and testimony. For example, the government, in arguing that the fraud Guideline is appropriate because it addresses intended loss to the victim, states "the defendant's lies here were targeted to result in third party losses, to SFC [Student Finance Corporation] and/or to its creditors, thus making U.S.S.G. Section 2B1.1 the appropriate advisory guideline." (D.I. 61 ¶ 25.) The government further characterizes

---

[8] Indeed, Yao does not appear to argue that the fraud Guideline can never apply to a defendant charged with a violation of section 152(2). Rather, he argues that the offense with which he was charged is more similar to perjury than fraud.

Yao's crime as something more than "'mere' perjury," noting that Yao's "lies were told in connection with litigation (still ongoing) alleging a massive SFC fraud against lending banks resulting in hundreds of millions of dollars in loss." (Id. ¶ 26.) However, Counts 13 and 14 of the indictment neither mention the targets of Yao's lies nor the results of his lies. Rather, the indictment reads as follows:

> Count 13 (Bankruptcy Fraud 18 U.S.C. Section 152(2)):
>
> 43. On June 5, 2002, four trucking schools filed an involuntary petition against SFC in the United States Bankruptcy Court for the District of Delaware, captioned *In re Student Finance Corporation*, Case Number 02-11620 (D. Del.).
>
> 44. On or about August 27 and 28, 2003, Yao was deposed in connection with the SFC bankruptcy. During the deposition on August 28, 2003, Yao was questioned under oath about three wire transfers to payee A.K. from SFC's Operating Account at Wilmington Trust Company totaling $669,000. The three transfers, which were booked as shareholder distributions, consisted of the following: (a) a $75,000 wire transfer on October 10, 2001, (b) a $344,000 wire transfer on October 18, 2001, and (c) a $250,000 wire transfer on November 13, 2001 (the "A.K. Wire Transfers").
>
> 45. On or about August 28, 2003, in the District of Delaware Andrew N. Yao, defendant herein, in connection with a case under Title 11 of the United States Code, specifically *In re Student Finance Corporation*, Case Number 02-11620, in the United States Bankruptcy Court for the District of Delaware, knowingly and fraudulently made the following material false statements under oath, to wit, he claimed that the A.K. Wire Transfers totaling $669,000 were for aircraft maintenance, and he claimed that A.K. was a contact person at Wells Fargo when, as the defendant then and there well knew, the payments were not for aircraft maintenance, but were sent to Yao's friend, A.K., and were not related in any way to SFC's business, in violation of Title 18 United States Code, Section 152(2).
>
> Count 14 (Bankruptcy Fraud - 18 U.S.C. Section 152(2):
>
> 47. During the deposition on August 28, 2003, in connection with SFC's bankruptcy, Yao was questioned under oath about two wire transfers to Las Vegas casinos, specifically a $100,000 wire transfer on December 14, 2001 to Mandalay Bay, and a $50,000 wire transfer on February 15, 2002 to the

>   Bellagio Casino, both transferring funds from SFC's Operating Account at Wilmington Trust Company (collectively "the Las Vegas Wire Transfers").
>
> 48.   On or about August 28, 2003, in the State and District of Delaware Andrew N. Yao, defendant herein, in connection with a case under Title 11 of the United States Code, specifically *In re Student Finance Corporation*, Case Number 02-11620, in the United States Bankruptcy Court for the District of Delaware, knowingly and fraudulently made the following material false statements under oath, to wit, he claimed that the Las Vegas Wire Transfers totaling $150,000 were for the benefit of his grandfather and went to pay for family celebrations and were not used by Yao to gamble because Yao did not gamble, when, as the defendant then and there well knew, the payments were for the benefit of Yao personally, and were used, in whole or in part, to fund Yao's gambling activities while staying in Las Vegas on or around December 14, 2001 and February 15, 2002, in violation of Title 18, United States Code, Section 152(2).

(D.I. 2 Counts 13 and 14.) As previously stated, the indictment does not characterize the false statements Yao made as part of a scheme aimed at the trustee or a specific creditor. Indeed, the indictment does not even name any creditor or the resultant third party losses caused by Yao's lies.[9] Thus, like *Lewis*, it can be said that the gravamen of the indictment was that Yao's false statements interfered with the administration of justice.[10] For these reasons, the court finds that Yao's conduct

---

[9] The indictment stands in stark contrast to the facts presented to the jury during Yao's trial. During the trial, the government called as a witness Alan Gilbert ("Gilbert") from Royal Indemnity Company ("Royal"). Gilbert took the deposition leading to Yao's present convictions and testified that a purpose of the deposition was to locate assets that could be recovered for the benefit of creditors. (D.I. 61 ¶ 22.) Gilbert further testified that Yao knew he was there to testify about SFC's shareholder distributions and that, as a result of Yao's testimony, Royal believed that the A.K. Wire Transfers and the Las Vegas Wire Transfers could not be recovered. (Trial Transcript at 182, 196.) The indictment, however, states only that Yao's company was involved in a bankruptcy proceeding and that Yao knowingly and fraudulently made false statements under oath during his August 28, 2003 deposition. As previously mentioned, the court will not look to Yao's actual conduct or the evidence presented at trial to determine which Guideline to apply. Rather, the court refers to the trial evidence only to illustrate alleged conduct that the government could have, but chose not to include in the indictment.

[10] Perhaps somewhat tangential to this discussion, it is noteworthy that the government argued for and received a jury instruction on the section 152(2) offense that did not include an

more closely matches the perjury Guideline and will apply section 2J1.3 to his offense.[11]

---

intent to defraud SFC's creditors, the bankruptcy court, or anyone else. In making its argument, the government relied on *United States v. Gellene*, 182 F.3d 578 (7th Cir. 1999). In *Gellene*, the Seventh Circuit explained that a statement is made "fraudulently" for purposes of section 152 if it is made "with [an] intent to deceive" and rejected the defendant's argument that section 152 is limited to "false statements that deprive the debtor of his property or the bankruptcy estate of its assets." *Id.* at 586. The court arrived at its holding after finding "whether the deception at issue is aimed at thwarting the bankruptcy court or the parties to the bankruptcy, *section 152 is designed to protect the integrity of the administration of a bankruptcy case*." *Id.* at 587 (emphasis added); *see* 1 Collier on Bankruptcy ¶ 7.01[1][a] at 7-15 (Lawrence P. King ed., 15th ed. rev. 1999) ("To protect the civil system, bankruptcy crimes are not concerned with individual loss or even whether certain acts caused anyone particularized harm. Instead, the statutes establishing the federal bankruptcy crimes seek to prevent and redress abuses of the bankruptcy *system*. Thus, most of the crimes do not require that the acts proscribed be material in the grand scheme of things, that the defendant benefit in any way nor that any creditor be injured."). The foregoing suggests that the government wants to, as they say, have its cake and eat it too. The court, acceded to the government's position and instructed the jury that Yao could be convicted if he made a false statement knowingly with the intent to deceive the trustee, the creditors, the bankruptcy court, or any other person or entity. In other words, the court agreed that given the manner in which the *government* crafted the indictment, Yao did not have to have the intent to commit bankruptcy fraud to be found guilty, and the jury could have found Yao guilty even if it had concluded that he lied to conceal his affair and protect his family. Now, however, the government argues that the court should apply the fraud Guideline to Yao's offense because, as demonstrated at trial, his statements were made to keep SFC as a debtor-in-possession and hinder SFC's creditors from recovering the assets in the bankruptcy proceeding. The government cannot have it both ways. Agreeing with the holding in *Gellene*, this court has determined that section 152 is designed to protect the integrity of the administration of a bankruptcy case. Therefore, for this additional reason, Yao's charged conduct is more properly characterized as similar to perjury than fraud.

[11] The definitions for "fraud" and "perjury" further support the court's conclusion with respect to Yao's charged conduct. "Fraud" is defined as "[a] knowing misrepresentation of the truth or concealment of a material fact to induce another to act to his or her detriment." Black's Law Dictionary 685 (8th ed. 2004). In contrast, "perjury" is defined as "[t]he act or an instance of a person's deliberately making material false or misleading statements while under oath." *Id.* at 1175.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Criminal Action No. 06-27 GMS |
| | ) |
| ANDREW N. YAO, | ) |
| | ) |
| Defendant. | ) |

### **ORDER**

For the reasons stated in the court's Memorandum Opinion of this same date, IT IS HEREBY ORDERED that:

    1.    The court and the USPO will apply Guideline section 2J1.3 to determine the defendant's advisory Guideline range.

    2.    The defendant shall appear for sentencing on **Monday, March 17, 2008, at 2:00 P.M.** before the Honorable Gregory M. Sleet, in courtroom 4A, J. Caleb Boggs Federal Building, 844 King Street, Wilmington, Delaware.

Dated: February 25, 2008        /s/ Gregory M. Sleet
                                                  CHIEF, UNITED STATES DISTRICT JUDGE