IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 06-27-GMS |
| | ) |
| ANDREW N. YAO, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S MOTION FOR UPWARD VARIANCE PURSUANT TO 18 U.S.C. § 3553 OR, IN THE ALTERNATIVE, A DEPARTURE PURSUANT TO U.S.S.G. § 5K2.5**

The United States of America, by its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Shannon T. Hanson and Douglas E. McCann, Assistant United States Attorneys, hereby respectfully moves this Court for an upward variance, pursuant to 18 U.S.C. § 3553(a), and/or upward departure, under U.S.S.G. § 5K2.5, to account for the egregious nature of the defendant's conduct as established in this case. As the government proved at trial, the defendant's material false statements were made in support of an effort to deceive the bankruptcy court, trustee, and Student Finance Corporation ("SFC")'s creditors into believing the defendant, as SFC's sole shareholder and Chief Executive Officer, was a good steward of SFC, and to conceal assets. In support of this motion, counsel aver as follows:

**I.    Background Facts**

1.    On March 14, 2007, defendant Andrew Yao was convicted of two counts of bankruptcy fraud, in violation of 18 U.S.C. § 152(2). Docket Item ("D.I.") 45. On August 28, 2006, the Probation Office sent the first of two draft Presentence Investigation Reports ("Draft PSR #1") to the parties. In Draft PSR #1, the probation office calculated the defendant's

applicable U.S.S.G. Guideline range of imprisonment under U.S.S.G. § 2B1.1. On October 15, 2007, the revised draft PSR ("Draft PSR #2) was provided to the parties. In Draft PSR #2, the probation office calculated the defendant's applicable U.S.S.G. Guideline range of imprisonment under U.S.S.G. § 2J1.3.[1]

2. On February 25, 2008, after briefing by the parties, this Court found that U.S.S.G. § 2J1.3 applied to the Defendant's conduct. *See* D.I. 65.

3. Application of the 2002 Guidelines Manual Section 2J1.3 to the Defendant's conduct (to avoid potential *ex post facto* issues associated with use of the 2006 Manual) -- and assuming a Section 3C1.1 enhancement for obstruction of justice -- results in an total offense level of 14 and a advisory guideline range of imprisonment of 15-21 months for the Defendant.

4. The probation officer noted in both draft PSRs that restitution of $819,000 must be ordered in this case, pursuant to 18 U.S.C. § 3663A. *See* Draft PSR #1 at ¶ 83 and Draft PSR #2 at ¶ 86. This figure is explained in the "Victim Impact" sections of the draft PSRs, which note that "[t]he Mandatory Restitution Act applies to the counts of conviction. The funds under investigation in the deposition total $819,000. Restitution is due to Student Finance Corporation through the trustee, Charles A. Stanziale." Draft PSR #1 and #2 at ¶ 18.

II. **The Defendant's Egregious Conduct Warrants An Upward Variance**

5. As made clear in a series of recent Supreme Court decisions, culminating in *Gall v. United States*, 128 S.Ct. 586 (2007), the U.S. Sentencing Guidelines are no longer mandatory on District Court judges. Instead, the Court may vary from the Sentencing Guidelines if such a

---

[1] The final PSR has not yet been disclosed as of the date of this filing.

variance results in a reasonable sentence, consistent with application of the factors set forth in 18 U.S.C. § 3553(a). *Id.* at 594, 596-97.

    6.    Section 3553(a) requires that this Court "impose a sentence sufficient, but not greater than necessary, to comply with the [certain identified statutory] purposes . . . ." This Court is to consider, among other things:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant, [and]
>
> (2) the need for the sentence imposed-
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct; and
>>
>> (C) to protect the public from further crimes of the defendant . . . .

18 U.S.C. § 3553(a)(1) and (2)(A)-(C).

    7.    As the government established at trial, the defendant's lies were told during an August 28, 2003, deposition taken by a creditor of SFC, Royal Indemnity ("Royal"), in connection with an effort by Royal and the U.S. Trustee to have an independent trustee appointed in place of SFC as debtor-in-possession. March 12, 2007, Trial Transcript at 178. The appointment of an independent trustee would have meant Yao's final loss of control over SFC. In addition, Royal, as a creditor, was seeking to identify improperly spent funds potentially to recover assets. *Id.* In context, the defendant's material false statements under oath were intended to deceive the bankruptcy court, trustee, and the creditors by hiding the defendant's poor stewardship of SFC and his waste of company assets on gambling and his mistress. These lies concern the two most significant issues in any bankruptcy case -- and the most significant to a

creditor like Royal -- (1) control of the debtor's estate and (2) the amount and location of the debtor's assets. Tellingly, the defendant not only knowingly lied during his deposition, he affirmatively used those lies in a pleading filed with the bankruptcy court to have SFC retain control as debtor-in-possession. *See* Government's Trial Ex. 4, Declaration of Andrew Yao at ¶¶18-19.

    8.    With the nature and circumstances of his offenses thus in mind, the defendant's sentence should reflect the seriousness of his conduct, promote respect for the law among other corporate executives in his circumstances,[2] and provide just punishment for crimes that the evidence demonstrated were not simply lies to protect Yao's family but were intended, at least in part, to defeat the central purposes of the bankruptcy proceeding. Imposing the split-sentence for which the defendant is eligible under the U.S.S.G. §2J1.3 calculation will neither promote respect for the Delaware bankruptcy court nor the oath to tell the truth taken by all deponents. Indeed, only a significant term of incarceration will reflect the seriousness of Yao's attack on the bankruptcy process,[3] provide just punishment for his bankruptcy fraud convictions and the attendant hundreds of thousands in losses to SFC's estate in bankruptcy, and afford adequate deterrence to other similarly-situated individuals. Accordingly, the government respectfully requests that the Court, after consideration of the factors set forth in Section 3553(a), impose sentence on the defendant at the higher end of the statutory range of up to five years.

---

[2] As the Court is well aware, Delaware is a venue for many large and complex corporate bankruptcies.

[3] Intended loss, here $819,000 to SFC's estate in bankruptcy, is an objective benchmark of the seriousness of the defendant's conduct, as discussed below.

### III. An Upward Departure Pursuant To U.S.S.G. Section 5K2.5 (2002) Is Warranted To Account For Loss To The Victim As A Result Of The Defendant's Conduct

9. Alternatively, this Court could depart upward from the otherwise applicable guideline range to account for the losses Yao intended with his lies. Here, $819,000 in loss to the victim (the bankruptcy estate of SFC) is attributable to the defendant's conduct. Draft PSR #2 at ¶ 86. However, this loss is not considered or included in determining the defendant's Guideline range under U.S.S.G. § 2J1.3. Accordingly, the government moves in the alternative for an upward departure that accounts for this loss under U.S.S.G. § 5K2.5.[4]

10. U.S.S.G. § 5K2.5 (2002) reads as follows:

**Property Damage or Loss (Policy Statement)**

If the offense caused property damage or loss not taken into account within the guidelines, the court may increase the sentence above the authorized guideline range. The extent of the increase ordinarily should depend on the extent to which the harm was intended or knowingly risked and on the extent to which the harm to property is more serious than other harm caused or risked by the conduct relevant to the offense of conviction.

11. Section 5K2.5 falls among those grounds for departure under 18 U.S.C. § 3553(b), authorizing a court to impose sentence outside the otherwise applicable advisory guideline range if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." U.S.S.G. § 5K2.0 *citing* 18 U.S.C. Section 3553(b) (2002).

12. Section 2J1.3 does not account for the victim's loss when calculating the

---

[4] At least two other guideline provisions would suggest that a level 20 is the correct offense level (before Chapter 3 adjustments) where the loss is between $400,000 and $1,000,000. *See* U.S.S.G. § 2B1.1 (fraud) and U.S.S.G. § 2T4.1 (tax)(2002).

defendant's total offense level. The fact that 2J1.3 does not list "loss" caused by the defendant's crime as a specific offense characteristic "does not mean that there may not be circumstances when that factor [here loss] would be relevant to sentencing." U.S.S.G. Section 5K2.0 (2002). Section 5K2.0 continues:

> for example, the use of a weapon has been listed as a specific offense characteristic under many guidelines, but not under other guidelines. Therefore, if a weapon is a relevant factor to sentencing under one of these other guidelines, the court may depart for this reason.[5]

13.  Had the defendant's lies in the August 28, 2003, depositions not been discovered, the estate would not have been able even to attempt recovery of these assets from Ms. Karlsen ($659,000) or the two casinos to which Yao wired a total of $150,000. Accordingly, the defendant intended $819,000 in loss to SFC's estate in bankruptcy. *See generally United States v. Holthaus*, 437 F.Supp.2d 932, (N.D.Iowa 2006) (in Section 152(3) case analyzed under 2B1.1, in a bankruptcy fraud case, "'[t]he district court should calculate the actual or intended loss amount by using either the value of the assets concealed or the value of the debtor's liabilities, whichever is less.'" (*quoting United States v. Dolan*, 120 F.3d 856, 870 (8th Cir.1997)).

14.  The loss associated with the defendant's conduct should be factored into his advisory sentencing guideline range. The present case is precisely the sort of situation the Sentencing Commission contemplated when it stated, in U.S.S.G. § 5K2.0, that there may be

---

[5] The Third Circuit has recognized Section 5K2.5 departures in at least one published and one unpublished case. *See United States v. Mustafa*, 238 F.3d 485, 489 (3d Cir. 2001) (in case challenging, *inter alia*, voluntariness of plea, court noted without comment that district court departed upward from defendant's guideline sentence under Section 5K2.5); *United States v. Maswadeh*, 60 Fed.Appx. 929, 934 (3d Cir. 2003) (unpublished) (court upheld upward departure under Section 5K2.5 for harm to and loss of property resulting from defendant's arson).

specific offense characteristics under other guidelines that are "relevant factor[s] to sentencing under one of the other guidelines."

15. Accordingly, an upward departure to account for the intended loss to SFC's estate is warranted.

## IV. CONCLUSION

16. Wherefore, the United States, for the reasons discussed, respectfully requests that this Court grant this Motion and sentence the Defendant at the upper end of the statutory range of up to five years incarceration.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: _____
Shannon Thee Hanson
Douglas E. McCann
Assistant United States Attorneys
1007 Orange Street, Suite 700
Wilmington, Delaware 19899
(302) 573-6277 x128

Dated: March 5, 2008

## CERTIFICATE OF SERVICE

I hereby certify that two copies of the attached MOTION FOR VARIANCE PURSUANT TO 18 U.S.C. § 3553 OR, IN THE ALTERNATIVE, A DEPARTURE PURSUANT TO U.S.S.G. § 5K2.5 were sent by first-class mail on March 6, 2008, to the following:

Brian McMonagle, Esq.
McMonagle Perri McHugh and Mischak
One Penn Square West, Suite 701
30 S. 15th Street
Philadelphia, PA 19102

Mark Cedrone, Esq.
Cedrone & Janove
Public Ledger Building
Suite 940
620 Chestnut Street
Philadelphia, PA 19106

Counsel for Andrew N. Yao

and

Mr. Walter P. Matthews, III, Esq.
Senior United States Probation Officer
J. Caleb Boggs Federal Building
844 King Street
Lockbox #39
Wilmington, DE 19801
(302) 252-2962

_____
Shannon Thee Hanson
Assistant United States Attorney