

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

Nemours Building, Suite 700        (302) 573-6277
1007 N. Orange Street              FAX (302) 573-6220
P.O. Box 2046
Wilmington, Delaware 19899-2046

March 14, 2008

The Honorable Gregory M. Sleet
Chief Judge
United States District Court
 for the District of Delaware
844 N. King Street
Wilmington, DE 19801

**RE: United States v. Andrew Yao - 06-27-GMS**

Dear Chief Judge Sleet:

In anticipation of Andrew Yao's sentencing on Monday, March 17, 2008, we wish to clarify two points raised in the defendant's opposition to the government's Motion for Upward Variance.

First, the government does not contend that the jury's verdict mandates a particular conclusion as to why the defendant lied during the deposition at issue in this prosecution. Rather, the government contends that the Court, having heard the evidence at trial, including Mr. Yao's testimony, may, as fact finder at sentencing, determine that the defendant lied to keep control of his company and/or to conceal assets from creditors, and not to protect his family – a conclusion that would suggest a more severe penalty is appropriate.

Second, the defendant is wrong when he claims that the government first argues in the Motion for Upward Variance that the defendant intended to prevent collection of the charged $819,000. D.I. 67 at 8. Instead, the record demonstrates, as the government maintained throughout and since the trial, that one of the purposes for the defendant's lies was to hinder SFC's creditors from collecting the funds he spent on his mistress and gambling. *See, e.g.,* October 24, 2007 letter at 4, citing Alan Gilbert's testimony that the defendant knew a purpose of the deposition was to locate assets that could be recovered for the benefit of creditors (Trial Transcript at 182) and that the defendant's testimony during the deposition – that SFC assets forwarded to casinos were authorized in the ordinary course of business – left the impression that these were not funds that could be recovered by the bankruptcy estate for the benefit of creditors such as Royal. (Trial Transcript at 196).

The Honorable Gregory M. Sleet
Chief Judge
United States District Court
 for the District of Delaware
March 14, 2008
Page Two

**RE: United States v. Andrew Yao - 06-27-GMS**

We remain available to answer any questions from the Court.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By: _____
Shannon T. Hanson
Douglas E. McCann
Assistant U.S. Attorneys

cc: Brian McMonagle, Esq. (via e-mail)
　　Mark Cedrone, Esq. (via e-mail)
　　Walter P. Matthews, III, Snr. Probation Officer (by facsimile)