IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA          :
                                  :
            v.                    :         Criminal No. 6-27-GMS
                                  :
ANDREW YAO                        :

**DEFENDANT ANDREW YAO'S MOTION FOR
CONTINUED RELEASE PENDING APPEAL**

Defendant Andrew Yao, by and through his counsel, and pursuant to 18 U.S.C. § 3143(b), hereby moves for continued release pending appeal, and in support states the following:

**I. STATEMENT OF THE CASE**

On March 14, 2008, a jury found Mr. Yao guilty of the charges laid in the redacted Indictment. On Mach 25, 2008, the Court entered Judgment. On March 31, 2008, Mr. Yao filed Notice of Appeal to the United States Court of Appeals for the Third Circuit, which has docketed his appeal at *United States v. Andrew Yao*, Case No. 08-1977. Mr. Yao is scheduled to surrender and begin serving a sentence of twelve months and one day on April 21, 2008. Mr. Yao, by this motion seeks continued release bail pending disposition of his appeal.

**II. STATUTORY BAIL CRITERIA**

The criteria for bail pending appeal are set forth in 18 U.S.C. § 3143(b). A defendant is entitled to continued release pending appeal upon a judicial finding, by clear and convincing evidence, that the defendant is unlikely to flee or pose a danger to the any other person or the community if released. 18 U.S.C. § 3143(b)(1)(A). Additionally, the appeal cannot be for the purpose of delay and must raise a substantial question of law or fact likely to result in reversal, a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence less than the total of time served plus the expected duration of the appeals process. 18 U.S.C.

§3143(b)(1)(B); *see also, United States v. Miller*, 753 F.2d 19, 24 (3rd Cir. 1985). If the court makes such findings, "it *shall* order the release of the person." 18 U.S.C. §3143(b)(2).[1]

Because Mr. Yao is eligible for bail under the above-referenced statutory criteria, this Court must order his release pending appeal.[2]

## III. CASELAW

In *United States v. Miller*, 753 F.2d 19, 23-24 (3rd Cir. 1985), the Court held that "after first making the findings as to flight, danger, and delay, a court must determine that the question raised on appeal is a "substantial" one; i.e. the Court must find that the substantial question at issue is one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful. A "substantial question" within the meaning of § 3143 is one that is "fairly debatable" on which reasonable jurists might disagree. *United States v. Smith*, 793 F.2d 85, 89-90 (3rd Cir. 1986).

The term "likely to result" in reversal or in new trial does not require the court to predict the outcome of the appeal. Rather, the court must only "consider whether the defendant raises a 'substantial question of law or fact' and, if so, the likelihood that acceptance of his arguments on appeal would result in either reversal or an order for a new trial." *United States v. Antico*, 123 F.Supp.2d 285, 287 (E.D. Pa. 2000) (citing *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985).

---

[1] Mr. Yao's case does not implicate the mandatory detention provision of 18 U.S.C. §3143(b)(2).

[2] Mr. Yao had hoped to obtain Government consent to this request. However, the Government has refused to do so. Attached hereto as Exhibits "A" and "B" are undersigned counsel's letters of April 1, 2008 requesting the Government's position and the Government's April 3, 2008 response through which the Government feigns ignorance of the bases underlying Mr. Yao's request.

## VI. **FLIGHT**

There exists clear and convincing that Mr. Yao presents no risk of flight pending appeal. The following facts support this conclusion:

1. As required by the Court's May 18, 2006 Order setting conditions of release,[3] Mr. Yao has appeared for all pretrial, trial and post-trial proceedings.

2. Mr. Yao has fully cooperated with the Federal Pretrial Services Agency. In fact, Pretrial Services recommended that Mr. Yao be permitted to self-surrender.

3. As the Court know from the facts contained in the Presentence Investigation Report, Mr. Yao has substantial roots in the community, including significant family ties to the Delaware Valley, where he has lived for approximately twenty years. Such ties are factors specifically enumerated in 18 U.S.C. § 3142(g) and affirmatively establish the improbability of flight.

4. Mr. Yao was not convicted of or charged with a crime involving violence, and has no past history of criminal acts.

5. The Court continued Mr. Yao's release after verdict through sentencing. Mr. Yao recognized the high probability of a prison sentence. Nevertheless, Mr. Yao complied with all post-verdict hearing requirements.

6. On March 17, 2008, the Court continued Mr. Yao's release after sentencing and directed that execution of sentence commence on April 21, 2008.

The release criteria for continued release pending sentencing and execution of sentence are enumerated at 18 U.S.C. §3143(a)(1). On the subject of flight, the release criteria under 18 U.S.C. §3143(a)(1) are identical to the standards for release pending appeal; specifically, the court must find by clear and convincing evidence that the person is not likely to flee. This Court,

---

[3] A copy of this Order is attached hereto as Exhibit "C."

therefore, has on two separate occasions (after verdict and after imposition of sentence) implicitly found that Mr Yao clearly and convincingly presented no risk of flight. This finding is implicit in the Court's decision to continue release under 18 U S C. §3143(a)(1)

In addition, Mr. Yao reminds the Court of its side bar discussion at the close of the March 17, 2008 sentencing hearing. Initially, the Court had some concern about flight risk and was considering revoking release pending execution of sentence. The Court's concerns, however, followed the flawed assumption (based on incorrect facts provided to the Court) that Mr Yao had some undisclosed cash hoard from which he was paying his wife's $16,000 per month mortgage obligation. Once the Court learned that the mortgage was in default, a fact confirmed by the Government, the Court allowed release pending execution of sentence. In so doing, the Court implicitly found by clear and convincing evidence that Mr Yao presented no risk of flight, as required under 18 U S C § 3143(a)(1)

No circumstances have changed since March 17, 2008 which would justify revising The Court's finding.

Mr Yao clearly and convincingly presents no risk of flight.

## V. **DANGER**

Mr. Yao's release was continued after sentencing pending his surrender date upon a finding, as required by statute, that clear and convincing evidence existed to show that Mr. Yao does not pose a danger to any other person or the community. Again, no circumstances have changed post-sentencing to suggest that such a finding was or is incorrect or that Mr Yao poses a danger of any sort to any person or the community in any way.

Mr Yao's conduct related to his work with his former business, the Student Finance Corporation ("SFC"). Mr. Yao is no longer conducting business through SFC and is not currently engaged in any form of work suggesting any potential of economic danger of any sort.

No suggestion has been made of any untoward actions by Mr. Yao towards any other person during the period between sentencing and the pending surrender date. Based on the court's prior finding that Mr. Yao posed no danger, this Court should again conclude that Mr. Yao presents no statutory danger to any person or the community.

## VI. **DELAY**

Mr. Yao's appeal raises a substantial issue, which will be further discussed below, and there is no reason to suggest that the appeal is for delay.

## VII. **SUBTANTIAL QUESTION RAISED ON APPEAL**

Mr. Yao bears the burden of demonstrating that his appeal raises a substantial question. A substantial question is one which is "fairly debatable" and one over which reasonable jurists could disagree. *United States v. Miller,* 753 F.2d at 23-24. Mr. Yao does not, however, have to demonstrate that he is likely to win on appeal. *United States v. Smith,* 793 F.2d at 89-90. Rather, Mr. Yao must simply show that, if on appeal his arguments are accepted, the result would likely be either reversal, an order for a new trial, a reduced sentence, or a sentence that does not include imprisonment.

Mr. Yao was convicted of two counts of making false statements in a bankruptcy proceeding, in violation of 18 U.S.C. § 152(2). "An essential element of the offense of making a false oath in bankruptcy proceedings is that the false oath be made *with a fraudulent intent.*" *United States v. Mathies,* 350 F.2d 963, 966-67 (3rd Cir. 1965) (emphasis added). Throughout the trial, Mr. Yao admitted that he intended to deceive, however, he denied doing so with the requisite fraudulent intent.

At the close of the case, the Court instructed the jury with respect to *mens rea.* Essentially, the Court informed the jury that Mr. Yao's false statement must have been made knowingly and fraudulently with the intent to deceive the trustees, the creditors, the Bankruptcy

Court, or any other person or entity without any regard (as Mr. Yao requested) to some bankruptcy related purpose or for the purpose of either causing some financial loss to another or bringing about some financial gain to himself.

Mr. Yao, through his trial counsel, objected and urged the Court to include in its instructions to the jury some concept of an intent to defraud in a bankruptcy context, specifically, concepts of financial gain or loss. However, the Court did not instruct the jury that Mr. Yao needed to manifest any kind of fraudulent intent vis-à-vis the objects of the bankruptcy. Instead, the Court instructed the jury as follows:

> The fifth element the Government must prove beyond a reasonable doubt is that defendant acted fraudulently and knowingly. The offense charged in the indictment requires the Government prove the defendant acted "knowingly." This means that the Government must prove beyond a reasonable doubt that the defendant was conscious and aware of the nature of his actions and of the surrounding facts and circumstances as specified in the definition of the offense as charged.
>
> In deciding whether the defendant acted "knowingly," you may consider evidence about what the defendant said, what the defendant did and failed to do, how the defendant acted, and all other facts and circumstances shown by the evidence that may prove what was in a defendant's mind at the time
> A statement is fraudulent if it was falsely made or made with reckless disregard to its truth or falsity or made or caused to be made with an intent to deceive.

*See*, Trial Transcript, March 14, 2007, pp. 487-488. As Mr. Yao has stated on several occasions, this instruction essentially transformed these the offenses of conviction to strict liability offenses

Interestingly, the jury focused on this very issue. After submission of the case to the jury, the jury asked:

> From a legal perspective, on the fifth element ...
> with respect to "fraudulent" and "intent to deceive"
> does it matter whether defendant intended to
> deceive; i.e., does the intent have to be to commit
> bankruptcy fraud or can it be for some other reason?

*See*, Trial Transcript, March 14, 2007, p. 564.

After a lengthy discussion about how to answer the jury's question (*see*, Trial Transcript,

March 14, 2007, pp. 564-581) the Court responded to the jury as follows:

> The court has received a question regarding the fifth
> element, and has had the opportunity to discuss the
> matter with counsel. I am going to respond this way
> to your question. The question being, does it matter
> why the defendant intended to deceive? i.e., does
> the intent have to be to commit bankruptcy fraud?
> Or can it be for some other reason?, with a third
> question, this way: by redirecting your attention to
> page 14 of the jury instructions, specifically, the
> discussion or instruction that I gave as to the fifth
> element, I will remind you of that instruction now
>
> The fifth element reads the defendant made such a
> statement that, that is a false oath or account,
> knowingly and fraudulently with respect to deceive
> the trustee, the creditors, the Bankruptcy Court, or
> any other person or entity. That is the Court's
> answer at this time

*See*, Trial Transcript, March 14, 2007, p. 581-582.

The Court essentially instructed the jury that Mr. Yao need do nothing more than make

an intentional misrepresentation in the Bankruptcy case concerning a fact which the jury

considered to be material. Mr. Yao, however, argued that conviction requires a specific intent to

cause some bankruptcy related harm, i.e., financial loss or gain. After continued discussions on

this subject between the Court and counsel, the Court decided to "go back and re-look at the

instruction," stating:

> I have been giving some further thought to the
> discussion. I have taken a look at the Third
> Circuit's model motive instruction. And I am going

> to re-craft it and try to provide some language to
> you for your discussion but I am going to have the
> jury officer advise the jury that I am going to have
> them recalled for further instruction  <u>I think the</u>
> <u>jury is confused and we are going to unconfuse</u>
> <u>them.</u>

*See*, Trial Transcript, March 14, 2007, p. 589 (emphasis added). However, before the Court had

an opportunity to "unconfuse" the jury, the jury returned its adverse verdict.

Additionally, Mr. Yao, through his trial counsel, requested a good faith instruction.[4] The

Court did not instruct the jury concerning good faith. The lack of a good faith instruction,

combined with the manner in which the Court instructed the jury concerning fraudulent intent,

has resulted in an erroneous verdict.

### The errors in the Court's jury instructions certainly<br>constitute substantial questions likely to result in a new trial.

An essential element of the offense of making a false oath in bankruptcy proceedings is

that the false oath be made with a fraudulent intent. *United States v. Mathies*, 350 F.2d 963, 967

(3rd Cir. 1965). "[P]roof that a false oath on a material matter was knowingly and intentionally

made, without more, is not enough to convict." *Id.*

As the Court knows, the Third Circuit Court of Appeals has not had occasion to address

the specific issue presented here. In fact, the instruction given by the Court derives from the

Government's requested jury instructions and the Seventh Circuit's Opinion in *United States v.*

*Gellane*, 182 F.3d 578 (7th Cir. 1999).

In a slightly different context, however, the Third Circuit Court of Appeals has

interpreted 18 U.S.C. §152 to require a "fraudulent intent" more closely related to that suggested

by Mr Yao than to that suggested by the Government and employed by the Court. In *In re*

---

[4] That instruction is set forth at the parties' joint request for jury instructions, specifically, at
p. 22.

*Topper,* 229 F.2d 691, 691-92 (3rd Cir. 1956), the Court interpreted the meaning of the term "fraudulently" in the bankruptcy context in a situation where an individual was denied discharge in bankruptcy for ostensibly violating 18 U.S.C. §152. In *Topper*, the Court defined "fraudulently" under 18 U.S.C. §152 as "an actual intent on the part of the bankrupt to hinder, delay and defraud his creditors." To some extent, the facts of *Topper* parallel Mr. Yao's case. There, the debtor admitted to lying on bankruptcy schedules but denied doing so with the intent to defraud creditors. The court held that it was error to bar his discharge because the referee failed to show fraudulent intent as defined in the bankruptcy context.

Here, as in *Topper*, Mr. Yao admitted to deception, but likewise denied doing so with the requisite fraudulent intent. After being instructed, the jury asked the court to clarify whether it mattered if Mr. Yao intended to deceive to commit bankruptcy fraud or whether he did so for some other reason. The court re-instructed the jury and again failed to give any additional guidance on the question of fraudulent intent. The Court certainly did not and affirmatively refused to define fraudulent intent as an actual intent to "hinder, delay and defraud creditors," as required under *In Re Topper. Id.* The district court's jury instructions effectively directed the jury that Mr. Yao's lack of fraudulent intent was irrelevant.

As Mr. Yao continued to press for inclusion of a bankruptcy-specific definition of fraudulent intent, the Court commented on the "interesting nature" of this issue. Clearly this issue, which has not been directly addressed by the Third Circuit Court of Appeals and which this Court considered to be an "interesting question," and about which the jury specifically asked, raises a substantial question of law which, if Mr. Yao's arguments are accepted, would result in the reversal of Mr. Yao's conviction.

Additionally, Mr. Yao requested, but the Court refused, to instruct the jury that Mr. Yao's good faith could be a defense to the charges at issue.

9

In explaining its refusal to instruct on good faith, the Court stated that doing so would be inconsistent with the manner in which it instructed on fraudulent intent. On this point, the Court stated:

> I think given, the Court's ruling with regard to the
> earlier contested issue over whether it is going to
> charge as to the meaning of, as to the Gellene issue
> I will cal it, I think it would be inconsistent at least
> to give a good-faith. I agree with Ms Hanson. I
> don't think the evidence supports the giving of the
> instruction   Therefore, I won't give it

*See*, trial transcript, March 13, 2008, p. 448

Therefore, the Court's approach to fraudulent intent instruction manifested itself in two critical errors, each of which raises a substantial question likely to result in a new trial.

## VIII. CONCLUSION

For all of the above reasons, Mr. Yao moves for an order continuing his release on bail pending disposition of his appeal

Dated: <u>April 7, 2008</u>                     Respectfully submitted,

                                        CEDRONE & JANOVE

                              By:  _Mark E Ce_____
                                        Mark E. Cedrone, Esquire
                                        Suite 940 Public Ledger Building
                                        150 South Independence Mall West
                                        6th and Chestnut Streets
                                        Philadelphia, PA 19106
                                        Telephone: (215) 925-2500

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served this 7th day of April, 2008, via by the Court's Electronic Case Filing System (EFC), upon the following:

Shannon Thee Hanson, Esquire
Douglas McCann, Esquire
United States Attorney's Office
The Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899-2046

Brian McMonagle, Esquire
McMonagle, Perri, McHugh & Mischak, P.C.
One Penn Square West
30 South 15th Street
Suite 701
Philadelphia, PA 19102

MARK E. CEDRONE

# EXHIBIT "A"

## TO

## DEFENDANT ANDREW YAO'S
## MOTION FOR CONTINUED RELEASE
## PENDING APPEAL

CEDRONE & JANOVE
ATTORNEYS AT LAW

SUITE 940 PUBLIC LEDGER BUILDING
150 SOUTH INDEPENDENCE MALL WEST
SIXTH & CHESTNUT STREETS
PHILADELPHIA, PA 19106
215.925.2500
215 925 6471 FAX

413 ROUTE 70 EAST
CHERRY HILL, NJ 08034
856.857.9400
856.857 9455 FAX

MARK E CEDRONE
ADMITTED IN PENNSYLVANIA
mcedrone@cedronejanove.com

April 1, 2008

*VIA E-MAIL*

Shannon Thee Hanson, Esquire
United States Attorney's Office
The Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899-2046

Douglas McCann, Esquire
United States Attorney's Office
The Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899-2046

RE:    *United States v. Andrew Yao*
       **Criminal No. 6-27-GMS**

Dear Shannon and Douglas:

As you probably know through electronic notification, yesterday, I filed a Notice of Appeal on behalf of Andrew Yao. Although I expect I know your answer, I have a question. Will the Government agree to bail pending appeal under 18 U.S.C. §3143(b)? I have carefully reviewed the applicable standards for bail pending appeal and I do not see how you can oppose it.

As I read the statute and relevant case law, Mr. Yao is the poster child for bail pending appeal. First, he clearly and convincingly presents no risk to flee or any danger to the community (18 U.S.C. §3143(b)(1)(a)) Second, the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in an order for new trial (18 U.S.C. §3143(b)(1)(B)(ii)).[1] A "substantial question" within the meaning of 18 U.S.C. §3141 is one that is "fairly debatable" on which reasonable jurors might disagree. *United States v Smith*, 793 F.2d

---

[1] The phase "likely to result in an order for new trial" does not require a prediction by the District Court that Mr. Yao will in fact prevail. In fact, on this very point, the Third Circuit Court of Appeals has stated:

> The federal courts are not to be put in the
> position of "bookmakers" who trade on the
> probability of the ultimate outcome.

*United States v Miller*, 753 F.2d 19 (3d Cir. 1985).

CEDRONE & JANOVE
ATTORNEYS AT LAW

Shannon Thee Hanson, Esquire
Douglas McCann, Esquire
April 1, 2008
Page 2

85-89-90 (3d Cir. 1986). Another way of looking at the substantial question standard is to ask whether the question is "adequate to deserve encouragement to proceed further." *Id.* (quoting, *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4).

It seems to me that the jury instruction issue alone represents a substantial question likely to result in a new trial under these standards. You might recall that the instruction concerning an intent to defraud was the subject of much debate between the parties and discussion with the Court.

For some reason, the Government directs much animosity towards Mr. Yao. I will not comment on whether the animosity is justified, but, in my view, this issue of bail pending appeal is relatively straight-forward and I would hope that the Government would not force litigation on this issue.

Please let me know as soon as possible whether the Government will agree to bail pending appeal. If you agree, I can avoid filing a Motion which I expect and hope to file by the end of this week.

On another note, I hereby inform you that there exists a very good chance I will be entering my appearance in the Eastern District case. Should I in fact enter my appearance in that case, I do so with the full understanding that the case is scheduled for June 4, 2008 and with the expectation (absent some emergent circumstance), to proceed on that date.

When the issue of my retention was last discussed, I was hoping that matter would be continued to July. This is because I had several trial commitments, one in April, and one in June. The case scheduled for April has in fact been continued and the one in June will be continued since all parties agree and the presiding Court has intimated it will grant the continuance upon receipt of a formal Motion. In light of this, I am confident I can be prepared to try the case within the current time frame. There are, however, a couple of administrative matters that need to be resolved. I hope to have these worked out within the next day or two.

Again, please advise v as soon as possible whether you will agree to bail pending appeal in the Delaware case. I look forward to hearing from you.

Sincerely,

*dictated but not read.*

MARK E. CEDRONE

MEC:rc
cc:    Andrew Yao

# EXHIBIT "B"

# TO

# DEFENDANT ANDREW YAO'S
# MOTION FOR CONTINUED RELEASE
# PENDING APPEAL



*United States Attorney's Office*
*District of Delaware*

*1007 Orange Street, Suite 700*    *(302) 573-6277*
*P.O. Box 2046*      *FAX (302) 573-6220*
*Wilmington, Delaware 19899-2046*  *TTY (302) 573- 6274*
           *Toll Free (888) 293-8162*

April 3, 2008

**VIA FACSIMILE and E-MAIL**

Mark E. Cedrone, Esq
Suite 940 Public Ledger Building
150 South Independence Mall West
Sixth and Chestnut Streets
Philadelphia, Pennsylvania   19106

  **RE:** **United States v. Andrew Yao- Criminal Action No. 06-27-GMS**

Dear Mark:

  Thank you for your April 1, 2008, letter.

  First, under 18 U.S.C. § 3143(b) and the relevant case law, the presumption for all defendants who have been sentenced to a term of imprisonment but who seek bail pending appeal is that the court will order detention. In order to obtain bail in such circumstances, the Third Circuit in *United States v. Miller*, 753 F.2d 19, 24 (3d Cir. 1985) read Section 3143(b) to impose upon the defendant the burden of making a four-part showing:

  1. He is not likely to flee or pose a danger (by clear and convincing evidence);
  2. The appeal is not for the purpose of delay;
  3. The appeal raises a substantial question of law or fact; and
  4. If that question is determined favorably to the defendant, reversal or a new trial is likely.

Only "[i]f the judicial officer makes such findings [*i.e.*, that the defendant has satisfied his burden], [shall] such judicial officer . . . order the release of the person in accordance with section 3142(b) or (c) . . ." 18 U.S.C. § 3143(b).

  At this point, the defendant has not satisfied his burden to create a record such that the Court could make Section 3143(b) findings. Only through defendant's motion will the Court and the government know the bases upon which the bail request rests. Absent such a record, your request is premature.

  Second, should you enter your appearance as Mr. Yao's counsel in Pennsylvania, we will welcome you. As you may know, we have already met twice with Mr. Lindy in the past several weeks to review the case with him and his expert and are willing to extend you the same courtesy.

Mark E. Cedrone, Esq.
April 3, 2008
Page Two

    RE:    United States v. Andrew Yao- Criminal Action No. 06-27-GMS

Please let me know if you have any questions or if you want to discuss these matters further.

        Very truly yours,

        COLM F. CONNOLLY
        United States Attorney

BY:                    
        Shannon T. Hanson
        Assistant United States Attorney

cc: Jeffrey M. Lindy, Esq. (by electronic mail)

EXHIBIT "C"

TO

DEFENDANT ANDREW YAO'S
MOTION FOR CONTINUED RELEASE
PENDING APPEAL

AO 199A    (Rev. 6/97) Order Setting Conditions of Release                                    Page 1 of __3__ Pages

# REDACTED

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

United States of America

V.

**ORDER SETTING CONDITIONS
OF RELEASE**

_____ Andrew Yao _____
                Defendant

Case Number:   Cr 06-27-GMS

II IS ORDERED that the release of the defendant is subject to the following conditions:

    (1)  The defendant shall not commit any offense in violation of federal, state or local law while on release in this case

    (2)  The defendant shall immediately advise the court, defense counsel and the U S. attorney in writing before any change in address and telephone number

    (3)  The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as

        directed.  The defendant shall appear at (if blank, to be notified)   _Federal Building, 844 King St., Wilmington,DE_
                                                                                                                            Place

    _6th floor, Courtroom 6C_   on _Thursday, May 18, 2006 at 1:00 p.m._
                                                                                        Date and Time


### Release on Personal Recognizance or Unsecured Bond

II IS FURTHER ORDERED that the defendant be released provided that:

( ✔ ) (4)  The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed

(   ) (5)  The defendant executes an unsecured bond binding the defendant to pay the United States the sum of
_____ dollars ($ _____ )
    in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed

✎AO 199B    (Rev 5/99) Additional Conditions of Release                                    Page  2    of   3

## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( ) (6)   The defendant is placed in the custody of:
(Name of person or organization) _____
(Address) _____
(City and state) _____ (Tel No.) _____

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears

Signed: _____    _____
                     Custodian or Proxy                        Date

( X ) (7)   The defendant shall:
( X ) (a)   report to the  Pretrial services as required by that agency    ,
            telephone number _____ , not later than _____
(  ) (b)    execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:

(  ) (c)    post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described

(  ) (d)    execute a bail bond with solvent sureties in the amount of $ _____
( X ) (e)   maintain or actively seek employment
(  ) (f)    maintain or commence an education program.
( X ) (g)   surrender any passport to:  Clerk's Office by
( X ) (h)   obtain no passport.
( X ) (i)   abide by the following restrictions on personal association, place of abode, or travel:
            No travel outside the state of Delaware or Pennsylvania unless he receives written authorization in advance from Pretrial Services
(  ) (j)    avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to:

(  ) (k)    undergo medical or psychiatric treatment and/or remain in an institution as follows:  _____

(  ) (l)    return to custody each (week) day as of _____ o'clock after being released each (week) day as of _____ o'clock for employment, schooling, or the following limited purpose(s):

(  ) (m)    maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer
( X ) (n)   refrain from possessing a firearm, destructive device, or other dangerous weapons
(  ) (o)    refrain from  (  ) any  (  ) excessive use of alcohol
(  ) (p)    refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U S C § 802, unless prescribed by a licensed medical practitioner
(  ) (q)    submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing
(  ) (r)    participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.
(  ) (s)    refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release
(  ) (t)    participate in one of the following home confinement program components and abide by all the requirements of the program which  (  ) will or  (  ) will not include electronic monitoring or other location verification system  You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer
            (  )  (i) Curfew  You are restricted to your residence every day  (  ) from _____ to _____ , or  (  ) as directed by the pretrial services office or supervising officer; or
            (  )  (ii) Home Detention.  You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or
            (  )  (iii) Home Incarceration.  You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer
( X ) (u)   report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.
( X ) (v)   Not establish any new lines of credit, personal loans nor be a guarantee on any loan without advance approval of the Court.,
            Not be employed in any bank or financial service type corporation, company or entity without advance approval of the Court
( X ) (w)   Not have a credit card in his possession nor use a credit card without advance approval of the Court.
            Not be employed as a financial consultant or advisor w/ *thout* advance *approval of this Court.*
(  ) (x)    7 (a) *thgh (w)  not limited to defendant personally but includes by*
            *gov mneos in which due to involved.*

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICES   US ATTORNEY   US MARSHAL

AO 199C    (Rev.6/97) Advice of Penalties . . .                                        Page __3__ of __3__ Pages

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

    (1)  an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

    (2)  an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

    (3)  any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;

    (4)  a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense  In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release  I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

_____
Address

_____
City and State     _Bryn Mawr, PA_ _19010_     Telephone

## Directions to United States Marshal

( X )  The defendant is ORDERED released after processing
(    )  The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release  The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: _____May 4, 2006_____    _____
                                                                                    Signature of Judicial Officer

                                                                                    _____
                                                                                    Mary Pat Thynge, Magistrate Judge
                                                                                    Name and Title of Judicial Officer

DISTRIBUTION:    COURT    DEFENDANT    PRETRIAL SERVICE    U S ATTORNEY    U.S. MARSHAL