IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 06-27-GMS |
| | ) |
| ANDREW N. YAO, | ) |
| | ) |
| Defendant. | ) |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR BAIL PENDING APPEAL

The United States of America, by its attorneys, Shannon T. Hanson, Assistant United States Attorney, and Colm F. Connolly, United States Attorney for the District of Delaware, opposes the Defendant's motion for bail pending appeal and for its reasons states as follows:

1. On March 14, 2007, defendant Andrew Yao was convicted of two counts of bankruptcy fraud, in violation of 18 U.S.C. § 152(2). Docket Item ("D.I.") 45. On March 17, 2008, this Court sentenced him to twelve months and one day of incarceration. D.I. 69. The Court ordered the defendant to surrender to serve his sentence on April 21, 2008. *See* 3/17/08 Sentencing Hearing Transcript, D.I. 70, at 67.

2. The Defendant filed his notice of appeal on March 31, 2008. D.I. 71. Through the present motion he seeks to delay service of his sentence until that appeal is resolved. Def.'s Motion for Continued Release Pending Appeal ("Def's Bail Motion") D.I. 72 at 1.

3. 18 U.S.C. § 3143(b) governs the defendant's request for bail pending appeal. Under this governing statute and the relevant case law, the presumption for all defendants who have been sentenced to a term of imprisonment is that the court will order detention. In order to

obtain bail in such circumstances, the Third Circuit Court of Appeals in *United States v. Miller*, 753 F.2d 19, 24 (3d Cir. 1985) read Section 3143(b) to impose upon the defendant the burden of making a four-part showing:

>    1. He is not likely to flee or pose a danger (by clear and convincing evidence);
>
>    2. The appeal is not for the purpose of delay;
>
>    3. The appeal raises a substantial question of law or fact; and
>
>    4. If that question is determined favorably to the defendant, reversal or a new trial is likely.

Only "[i]f the judicial officer makes such findings [*i.e.*, that the defendant has satisfied his burden], [shall] such judicial officer . . . order the release of the person in accordance with section 3142(b) or (c). . . ." 18 U.S.C. § 3143(b).[1]

    4.    The government acknowledges that the defendant has satisfied his burden with respect to two of the four criteria for bail above. The defendant has demonstrated that his appeal is not for the purpose of delay. The government also concedes that if the jury instruction question is determined favorably to the defendant, reversal and/or new trial is likely. It is with respect to the two remaining criteria that the defendant has not met his burden.

Risk of Flight

    5.    The defendant cannot sustain his burden to prove that he is not a risk of flight

---

[1] The defendant wrongly characterizes as "feigned ignorance" the government's statement of fact in its April 3, 2008 letter that the defendant bears the burden to show that he qualifies for bail pending appeal. The defendant made no such showing -- nor, indeed, identified the bases for his request -- in his April 1, 2008 letter. Having now reviewed the bases for his motion, the government can oppose that request for the reasons below.

should he remain in the community pending appeal.[2] The defendant argues that the Court "implicitly found by clear and convincing evidence that Mr. Yao presented no risk of flight" when the Court allowed the defendant to self report for execution of his sentence on April 21, 2008. Def. Bail Mot., D.I. 72, at 4. In so doing, the defendant subverts for his own purposes the import of the sidebar colloquy between counsel and the Court during the sentencing hearing. *See* D.I. 70. In fact, the Court, the probation office, and the government were concerned about the defendant's ability to self report, which concern the defense counsel recognized.

> **The Court**: I only asked you to sidebar and on the record so we could have a conversation about it.
>
> **Mr. Cedrone**: I understand. We are talking about sort of separate issues here. **We are talking about, initially here, it is the privilege of self-surrender. The issue – I mean, hypothetically, bail pending appeal is a separate issue which will have to be taken up before this Court upon the filing of a notice of appeal. Right now all we are talking about is continued release pending a self-surrender date**, which I assume will be somewhere in the 45-to 60-day range. If there is an intervening adverse verdict [in the Pennsylvania trial – then scheduled to begin March 31, 2008] and the Court at that point in time feels that there is a risk to flee –
>
> **The Court**: Let's do this: There is a hearing on the 31st.
>
> **Mr. McCann**: Your Honor, the trial is set for the 31st. There is a hearing this Thursday, March 20th, where the Judge is going to address whether the trial will go forward or not.
>
> **The Court**: Will the defendant be required to be there?
>
> **Mr. McMonagle**: Yes.
>
> **The Court**: I am going to leave it to Judge Tucker. I am going to punt on this one. The ball is squarely in her court as to really the main offense here. I will allow him to stay at liberty. I will permit the government to file a motion here, and I am going to keep an open mind on it, based upon reasons that you feel are appropriate to file a motion. I will let him remain out until this Thursday. You can discuss this with your colleagues in

---

[2] The government has no present evidence to suggest the defendant is a danger to the community, and does not oppose the bail request on that ground.

Philly, Mr. McCann, as to whether they want to petition Judge Tucker for some alternate relief. I will not view anything that she does as contrary to anything that I have ordered here.

**Mr. McMonagle**: Yes, Your Honor.

**Mr. McCann**: So the Court is clear, actually Ms. Hanson and I are the colleagues in Philly. They made us Specials.

**The Court**: I don't want you to feel that you are going to be somehow doing anything behind my back by going before Judge Tucker and making the same argument. I will give you the chance to do that. My view at this point is, given his record, his track record, that he is more likely to appear than flee. And I was concerned about the house and his ability – there was a feeling, perhaps, that there were some assets being hidden, otherwise, how could he continue to maintain the lifestyle that he was.

**Mr. McCann**: I wanted to say for the record, Your Honor, there are some things I can't comment on with counsel present, but I don't dispute what Mr. Cedrone said in terms of what I know of his source of money.

**The Court**: Also, given Pretrial Services' view in Philly, I don't ignore their view, either.

**Mr. McCann**: So I am clear, what the Court is saying is, he is not going to go into custody today. Presumably in the normal course there will be a self-report date set by the appropriate authority. Mr. Cedrone is going to be making that motion for bail pending appeal.

**Mr. Cedrone**: That assumes that I am going to be his appellate counsel.

**Mr. McCann**: Someone might make a motion for bail pending appeal, and the Court will consider it at that time. And the Court is comfortable if the United States decides to make a motion to revoke his bail in Pennsylvania.

D.I. 70 at 63-65 (emphasis added).

Thereafter, at Probation Officer Matthews prompting, defense counsel suggested:

> that the Court impose as part of its judgment a surrender date of 60 days from today. And if I or some other potential appellate counsel can persuade the Court that Mr. Yao is entitled to bail pending appeal, that date can be dealt with at that point in time. At least there is a fixed date for the commencement of sentence, as long as Judge Tucker doesn't interfere with that, which is not our concern today. That would be my recommendation.

Government counsel agreed that such an approach "ma[d]e sense." *Id.* at 66.

6.     Contrary to defendant's argument, this Court did not find by clear and convincing evidence – implicitly or otherwise – that Mr. Yao presented no risk of flight if he was released on bail pending appeal; rather, that decision was left by all parties for another day.[3] The above review of the sidebar colloquy demonstrates the fallacy of the defendant's contention. Instead, the Court addressed only the limited question of whether the defendant would be permitted "the privilege of self-surrender" on April 21, 2008. *See* D.I. 70 at 63. Defense counsel himself stated that "right now, all we are talking about is continued release pending a self-surrender date" and "bail pending appeal is a separate issue which will have to be taken up before this Court." *Id.*

7.     Questions about Mr. Yao's risk of flight during the pendency of appeal remain significant. It is true, as the defendant states, that the Court had concerns about the defendant's "wherewithal to flee." *Id.* at 61. It is further true that the defendant's home is for sale and that the Yaos are in default on their monthly mortgage payments. *Id.* It appears a stretch, however, to suggest, as defendant does, that the Court's concerns about the defendant's wherewithal to flee during the pendency of the appeal were satisfied by clear and convincing evidence, when the first thing the Court said after learning that the mortgage was in default was that the Court was "going to permit [Yao] to remain at large until the return of a verdict and/or the entry of a guilty plea before Judge Tucker. And if Judge Tucker wants to countermand that, she is free to do that." *Id.*

---

[3] The government agrees that the flight criterion for continued release pending execution of sentence is the same as release pending appeal, *i.e.*, proof by clear and convincing evidence that the person is not likely to flee. *See* 18 U.S.C. § 3143(a)(1). In light of the upcoming trial and resultant possibility of a significant jail sentence in that case, however, the defendant's burden becomes more difficult to sustain on a go forward basis.

at 62.[4]

8.  Circumstances have changed since March 17, 2008. The defendant's trial, originally scheduled to start on March 17, 2008, has been moved to June 4, 2008. The Court is aware that Mr. Yao faces significant jail time should he be convicted of the charges pending against him in the Eastern District of Pennsylvania and may have the financial ability to flee. The Court's colloquy and the resulting decision to allow Mr. Yao to get his affairs together pending a self-report date in April cannot be twisted into a "finding" that the defendant presents no risk of flight during the pendency of his appeal. The defendant has not satisfied his burden to prove by clear and convincing evidence that Mr. Yao should remain on bond pending appeal.

Substantial Question on Appeal

9.  In addition, the defendant must also demonstrate that his appeal raises a "substantial question" to qualify for bail pending appeal. Under Third Circuit precedent, a "substantial question" of law or fact is one that is "fairly debatable." *United States v. Smith*, 793 F.2d 85, 89 (3d Cir. 1986). In its unpublished decision in *United States v. Wright*, 2003 WL 1338272 at *1 (D. Del. 2003), this Court stated as follows:

> In *United States v. Miller*, the Third Circuit defined a "substantial" question as one "which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." *Miller*, 753 F.2d at 23. Additionally, the issue on appeal must be "debatable among jurists" or "adequate to deserve encouragement to proceed further." *United States v. Smith*, 793 F.2d 85, 90 (3d Cir.1986).

---

[4] Mr. Yao, who has been represented in the Pennsylvania case by court-appointed counsel since the fall of 2007, may well be represented by Mr. Cedrone in that matter in the near future, as government counsel understands from correspondence and conversations with Mr. Cedrone. The ability to hire counsel subsequent to a claim of indigency and representation by court-appointed counsel may suggest additional sources of funds available to Mr. Yao.

10. The defendant is correct when he states that the Third Circuit Court of Appeals has not squarely addressed the jury instruction issue presented by the defendant: whether "fraudulently making a false material declaration in a bankruptcy case [under Section 152(2)] requires proof of intent to deceive or intent to defraud." Def.'s Bail Mot., D.I. 72, at 8.[5] As a result, the instruction given by the Court here was taken from and is in accord with the Seventh Circuit Court of Appeals' decision in *United States v. Gellene*, 182 F.3d 578 (7th Cir. 1999).

11. Those circuit courts to have considered this question agree with *Gellene*. The Second Circuit Court of Appeals adopted the holding in *Gellene* -- that the requisite intent needed for a Section 152(2) conviction is the "intent to deceive" not the "intent to defraud" -- in *United States v. Sabbeth*, 262 F.3d 207, 217 (2d Cir. 2001)(citing *In re Robinson*, 506 F.2d 1184, 1189 (2d Cir. 1974)). *See also United States v. Pritt*, 238 F.3d 417, 2000 WL 1699833 *10 (4th Cir., November 14, 2000) (unpublished)(reviewing elements of a Section 152(3) bankruptcy fraud). *See generally United States v. Lindholm*, 24 F.3d 1078, 1084-85 (9th Cir. 1994); *United States v. Thomas*, 953 F.2d 107, 108 n.1 (4th Cir. 1991)(in Section 152(6) prosecution, the Fourth Circuit found an intent to deceive instruction sufficient).

12. Thus, the only circuit courts that counsel found to have addressed this matter agree that with the Court's jury instruction here. Accordingly, the issue presented is not "fairly doubtful." Sister circuits have spoken as one to find intent to deceive sufficient for a conviction under 18 U.S.C. § 152(2), and the defendant has not satisfied his burden to raise a "substantial

---

[5] The Third Circuit cases cited by the defendant and the Third Circuit's discussion in *United States v. Zehrbach*, 47 F.3d 1252 (3d Cir. 1994) of the nexus between the intent requirement for a bankruptcy fraud charged under 18 U.S.C. § 152(6) and good faith as a defense to that bankruptcy fraud are discussed below.

question" on appeal.

13. The government acknowledges that the two Third Circuit Court of Appeals cases cited by the defendant remain good law, but parts company on their persuasive import in the present case. In *In Re Topper*, 229 F.2d 691, 692 (3d Cir. 1956), a bankrupt debtor, on the advice of his counsel, did not list on his bankruptcy schedules certain debts (one to his mother and two business debts for approximately $300 each) because he intended to pay them in full.[6] The bankruptcy referee held that the debtor seeking bankruptcy protection was not entitled to his discharge "because he had committed an offense under Title 18 U.S.C.A. Section 152." *Id*. The District Court agreed with the referee in bankruptcy and denied the discharge. *Id*.

14. The Third Circuit reversed. The *Topper* court found that denying the debtor a discharge in bankruptcy required a finding of "actual fraudulent intent" by that debtor, defined as "'an actual intent on the part of the bankrupt to hinder, delay and defraud his creditors.'" *Id*. at 692 (*citing In the Matter of Wolf*, 165 F.2d 707, 710 (3d Cir. 1948)). *See also In re Georges* 138 Fed. Appx. 471, 2005 WL 1604010 (3d Cir., July 8, 2005)(unpublished)(*citing Topper*'s "actual fraudulent intent" requirement under 11 U.S.C. § 727(a)(4)(a) – which no longer refers to a violation of Section 152). The *Topper* court recognized a split in the circuits on the intent required by a debtor to bar his request for a discharge in bankruptcy, but focused in that case upon the absence of such criminal intent in light of the debtor's reliance on the advice of counsel. *Id*. at 692.

---

[6] Thus, the government strenuously disagrees with the defendant's characterization of the facts of the *Topper* case as "parallel" to those in Mr. Yao's case. Def.'s Bail Mot., D.I. 72, at 9. They are not. While Mr. Yao has admitted his intent to deceive, the facts before the *Topper* court did not so support the requisite criminal intent but rather a reliance on counsel that negated such intent . *Topper*, 229 F.2d at 693.

15.  The second case cited by the defendant, *United States v. Mathies*, 350 F.2d 963, 967 (3d Cir. 1965) acknowledges the obvious as demonstrated by both parties in the case at bar: that "[a]n essential element of the offense of making a false oath in bankruptcy proceedings is that the false oath be made with a fraudulent intent. The statute specifically so provides."[7] In defining "fraudulent intent," the *Mathies* court explained that the *Topper* court held insufficient proof to block a discharge in bankruptcy "that a false oath as to a material matter was knowingly and intentionally made," particularly where the debtor was acting on his attorney's advice in so completing his schedules. *Id.*

16.  Of course, the Court's challenged jury instruction in this case indicated that the government had to prove that the defendant acted knowingly and fraudulently, not just knowingly and intentionally. *See* 3/14/07 Trial Transcript, D.I. 48, at 484, 488. The government maintains that the requisite need for the defendant to act "fraudulently" requires intent to deceive, not intent to defraud.

17.  The defendant also argues that the Court's failure to give the requested good faith instruction raises a "substantial question" sufficient to satisfy his burden under 18 U.S.C. §3143(b). It does not. In *United States v. Zehrbach*, 47 F.3d 1252, 1261 (3d Cir. 1994), the Third Circuit Court of Appeals discussed the good faith defense in the context of a prosecution under 18 U.S.C. §152(6), finding that: "[t]he statutory requirement that the underlying acts be

---

[7] Under the facts before it, the *Mathies* court found "inconceivable" a jury, being instructed on fraudulent intent and having reviewed evidence which, if believed, demonstrated a "deliberate course of conduct carried on for a year for the purpose of concealing his assets and defrauding his creditors and having found him guilty of that offense, would have failed to find fraudulent intent in his making a false oath." *Id.* Nevertheless, the Mathies court reversed and remanded the case for new trial because of "perva[sive]" error in introducing an asset inventory at trial that the proffering witness experts could not attest they had created. *Id.*

performed "knowingly" requires only that the act be voluntary and intentional and not that the person knows he is breaking the law."[8] The *Zehrbach* court found that a lack of "good faith" was encompassed in the jury instruction "fraudulently." *Id.* at 1261-62. Thus, the requisite mental state for the alleged Section 152(6) crime -- paying potential competing bidders to refrain from bidding at a bankruptcy sale -- was that the defendants had committed the unlawful acts to cheat or deceive, effectively making it irrelevant whether defendants knew that their conduct was in violation of existing law. *Id.* In light of this Court's appropriate decision with respect to the intent requirement for the Section 152(2) charges before it, the Court's decision not to provide the requested good faith instruction does not present a "substantial question" on appeal.

Conclusion

18. The defendant bears the burden of establishing his entitlement to bail pending appeal. The defendant has not satisfied his burden here, for the reasons set forth above. Accordingly, the defendant's motion should be denied.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: /s/ Shannon Thee Hanson
Shannon Thee Hanson
Assistant United States Attorney
1007 Orange Street, Suite 700
Wilmington, Delaware 19899
(302) 573-6277 x128

Dated: April 15, 2008

---

[8] The *Zehrbach* case refers to "intent to defraud" as an element of a Section 152(6) case, *Id.* at 1258, 1262. At the same time, however, the district court in *Zehrbach* defined "fraudulent intent" as "act[ing] knowingly and with the specific intent to *deceive,* ordinarily for the purpose [of] either causing some financial loss to another or bringing about some financial gain to one's self.[sic]" *Id.* at 1259 (emphasis added).

CERTIFICATE OF SERVICE

I hereby certify that two copies of the attached Motion to Continue Sentencing were sent by e-mail and first-class mail on April 15, 2008 to the following:

Mark E. Cedrone, Esq.
Cedrone & Janove
Suite 940 Public Ledger Building
150 South Independence Mall West
Sixth & Chestnut Streets
Philadelphia, PA 19106

and

Brian McMonagle, Esq.
McMonagle Perri McHugh and Mischak
One Penn Square West, Suite 701
30 S. 15th Street
Philadelphia, PA 19102

Counsel for Andrew N. Yao

Shannon Thee Hanson
Assistant United States Attorney