IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 06-27 GMS |
| | ) | |
| ANDREW N. YAO, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

WHEREAS, on March 14, 2007, Andrew Yao ("Yao") was convicted of two counts of knowingly and fraudulently making a false oath or account in, or in relation to, any case under Title 11 of the United States Code, in violation of 18 U.S.C. § 152(2);

WHEREAS, on March 17, 2008, the court sentenced Yao to twelve months and one day of incarceration, permitting Yao to self-surrender sixty days from the date of sentencing, or April 21, 2008;

WHEREAS, on April 7, 2008, Yao filed a Motion for Continued Release Pending Appeal Pursuant to 18 U.S.C. § 3143 (D.I. 72);

WHEREAS, on April 15, 2008, the United States filed a response (D.I. 74) opposing Yao's motion;[1]

WHEREAS, after having considered the parties submissions on the motion, as well as *United States v. Miller*, 753 F.2d 19 (3d Cir. 1985), the court concludes that Yao has shown by clear and

---

[1] The United States opposes Yao's motion on two grounds: (1) Yao cannot show by clear and convincing evidence that he is unlikely to flee; and (2) Yao cannot demonstrate that his appeal raises a "substantial question" of law or fact.

convincing evidence that he is unlikely to flee;[2] and

WHEREAS, the court further concludes that Yao's appeal raises a substantial question that has not been decided by the Third Circuit, that is, whether fraudulently making a false material declaration in a bankruptcy case under 18 U.S.C. § 152(2) requires proof of intent to deceive or intent to defraud;[3]

IT IS HEREBY ORDERED that:

1. Yao's Motion for Continued Release Pending Appeal Pursuant to 18 U.S.C. § 3143 (D.I. 72) is GRANTED.

Dated: April 16, 2008



CHIEF UNITED STATES DISTRICT JUDGE

FILED

APR 16 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

---

[2] The court initially was concerned about Yao's likelihood to self-report but, after discussing the issue with counsel at sidebar, stated the following about Yao: "My view at this point is, given his record, his track record, that he is more likely to appear than flee." The court holds the same view today.

[3] The court finds it interesting and, perhaps, inconsistent that the government concedes that reversal and/or a new trial is likely if the jury instruction question raised by Yao is determined in his favor, and notes that "[t]he defendant is correct when he states that the Third Circuit has not squarely addressed the jury instruction issue" he presented, but then challenges Yao's demonstration that his appeal raises a "substantial question" to qualify for continued release pending appeal.